G. Ferlita & Sons, Inc., v. C. E. Beck.

197 So. 340
En Banc
Opinion Filed June 21, 1940
Rehearing Denied July 23, 1940

*Raney & Raney,* for Plaintiff in Error;

*Harold C. Farnsworth* and *W. S. Phillips,* for Defendant in Error.

Buford, J.—In this case we review judgment for the plaintiff in a tort action for damages resulting from injuries received in an automobile accident.

The record shows that plaintiff Beck was driving south on the highway in Hillsborough County when the accident occurred. It appears that the accident happened in this way: The defendant's truck was parked, according to a preponderance of the evidence, on the right side of the highway, the left wheels of the truck being on the highway more than one foot from the right edge of the pavement. It was in the night time and the lights on the truck were burning. The road was straight, level and paved with 22-foot concrete pavement. The truck was visible to persons 600 feet to the north of its position on the highway. Plaintiff Beck approached from the north driving an automobile, according to his statement, at the rate of 45 to 50 miles per hour. He thought the truck was moving, but it was not. When he got near the truck he observed that it was not moving and then turned to the left to avoid colliding with the truck. At the same time another automobile driven by a third party was approaching the same location from the south and that automobile was being driven on the proper side of the road, which was on Beck's left side. Just after Beck passed the truck, and while he was still on the left side of the road to him going south, he collided with the other automobile going north.

The defendant pleaded not guilty and also pleaded contributory negligence, the plea being: "That at the time of the collision between the automobile driven by plaintiff and an automobile driven by another person in the opposite direction, as alleged in plaintiff's declaration, and immediately prior to the time of such collision, the plaintiff so negligently and carelessly drove and operated his automobile as to proximately contribute to the cause of said collision, and to the damage alleged by plaintiff to have been sustained."

Other questions are presented which challenge the cor-

rectness of the charges given by the court to the jury but as the infirmity complained of in these charges will probably not occur again, we deem it unnecessary to discuss the contentions of plaintiff in error in this regard.

A careful perusal of the record, in fact an analysis of the plaintiff's testimony, shows the negligence of the complainant in the operation of his automobile contributed to the proximate cause of the injury and as the plaintiff was guilty of contributory negligence in bringing about the injury, he is barred from recovery. A very similar state of facts was presented in the case of Dania Lumber & Supply Co. v. Senter, *et al.,* 113 Fla. 332, 152 Sou. 2. The principal difference between the factual conditions in this case and the Senter case is shown by what was said in that opinion:

"It appears that as the plaintiffs were going north on the east side of the highway, the defendant's loaded truck was coming south on the west side of the road. Another car was parked on the west side of the road. When the plaintiffs approached the point where the parked car was, the defendant's truck going south came around the parked car to the east side of the road and collided with the plaintiff's car going north, causing the injury. The plaintiffs were on the right side of the road going north, and though they saw the defendant's truck coming south, they being on the proper side of the road, had a right to assume that the driver of the truck coming south on the west side of the road would not pass around the parked car to and upon the east side of the road so as to collide with the plaintiff's car approaching from the south.

"Apparently the injury was proximately caused by the driver of the defendant's truck, who, in passing around the obstructing car, drove the truck to and upon the east side of the road where the plaintiff's car properly was, going in the opposite direction."

In that case the defendant's truck was operated just as the plaintiff's car was in this case, in this : The defendant's truck attempted to pass an automobile parked on the highway and as it was in that act it collided with the plaintiff's automobile proceeding, as it had a right to proceed, along the road. While, in the instant case, plaintiff's automobile was driven by the plaintiff so as to pass the truck parked on the highway and collided with the automobile driven by a third party. In the Senter case we held that the injury was proximately caused by the driver of defendant's truck who, in passing around the obstructing car, drove the truck to and upon the east side of the road where plaintiff's car was properly going in the opposite direction. In this case a contributing proximate cause of the injury was the plaintiff's action in passing around the obstructing truck and driving his car to and upon the east side of the road and colliding with the oncoming car of the third party who was then using the road in a lawful manner and who then had a right to assume that others would do likewise.

It is well settled in this jurisdiction that it is the duty of one driving upon the highway to drive at such rate of speed as to be able to stop or control his car within the range of his vision, whether it be by night-time or daylight. It was the duty of plaintiff when he saw the tail lights of the truck ahead of him to so control the speed of his automobile as not to injure himself or others. It was also his duty to have kept a lookout ahead and, had he done so, he would necessarily have seen the approaching automobile and would have realized that (if he passed the truck) he must pass the truck which was headed in the same direction in which he was headed and the automobile which was headed in the opposite direction at about one and the same place. His testimony shows that he did not observe the approaching car until he had turned to the left to pass the truck and yet

all the evidence shows that that approaching automobile was on the open, straight and unobstructed highway where the plaintiff could have seen it approaching when the two automobiles were several hundred feet apart.

We were not unmindful of the fact that whether or not the plaintiff is guilty of contributory negligence, is, in most cases, a jury question, but it is a jury question only when the evidence is conflicting. In cases where the undisputed evidence shows that the plaintiff is guilty of negligence which contributed to the proximate cause of the injury then, as a matter of law, he cannot recover. See J. C. Christopher Co. v. Russell, 63 Fla. 191, 58 Sou. 45.

For the reasons stated, the judgment should be, and is, reversed.

So ordered.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.
CHAPMAN and THOMAS, J. J., dissent.