52 So.2d 666 (1951)
PETROLEUM CARRIER CORP.
v.
ROBBINS.
Supreme Court of Florida, Division A.
April 6, 1951.
Rehearing Denied June 11, 1951.
McCarthy, Lane & Howell, Jacksonville, for appellant.
Brannon & Brown, Lake City and H.J. Quincey, Douglas, Ga., for appellee.
THOMAS, Justice.
The appellant's motor tractor with semi-trailer tank, used for the transportation in bulk of inflammable liquids, was parked partly on the highway between Lake City and Jacksonville, when an automobile driven by appellee's husband approached from the rear and struck the trailer tank with such force that the husband and companion were killed and the car demolished. The jury awarded a verdict to the widow, and from the judgment this appeal was taken.
At the outset it may be stated that the operator of the truck may not have been justified in parking it as he did, and that the warning lights placed by him in the front and rear of his vehicle were not the kind or at the distance required by the statutes. Secs. 317.44, 317.66 and 317.67 Florida Statutes 1949 and F.S.A.
But here we are not obliged to elaborate on any shortcomings of the appellant's operator, the sole question being whether the driver of the automobile so appreciably contributed negligence that the recovery was not warranted. We shall determine it by examining the undisputed evidence on that issue thereby avoiding any incursion into the sphere of the jury.
Digesting, now, the testimony of the witnesses introduced by the plaintiff we find that the accident occurred on a straight stretch of well paved highway. The motor of the trailer-truck had failed and the operator had turned to the right, but had gone only far enough for the right front *667 wheels to reach the berm, while the rest of the vehicle remained on the pavement. A highway patrolman, testifying for the plaintiff, said the visibility was poor as he went to the wreck a few minutes after it happened; that it was "raining, drizzling, kind of misty." Also from him we learn the very significant facts that the automobile knocked the truck-trailer twenty-one feet; that there were no skid marks near the point of the impact; that the bumper and the rear wheels of the truck-trailer on the left side were driven under the tank.
From the other witnesses of the plaintiff we are informed that as the automobile driven by the appellee's husband approached the parked truck-trailer, in the nighttime, the lights on it were dimmed and that immediately before the mishap two red reflectors were in place west of the truck-trailer, the direction from which the car was coming, and after it passed one of the reflectors was off the road.
The car was damaged beyond repair; the drive shaft, for instance, actually fell out, and was discovered to have been broken to pieces by the force of the collision.
It is strenuously charged by the appellant that the question of contributory negligence is one of the law because the unrefuted evidence established the husband's guilt of negligence contributing to the proximate cause of the injury and damage. If the premise is sound the rule announced in Hart v. Held, 149 Fla. 33, 5 So.2d 878, is clearly applicable.
The driver of the ill-fated automobile was enjoined by the statute, Sec. 317.22(1), to drive at no greater speed than was "reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." In the absence of special danger a speed of fifty miles per hour at night is lawful, and speed in excess of that is prima facie reckless, Sec. 317.22(1) (c). We may add to these the familiar rule recognized by this court in G. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340, 341, that one must drive at such speed "as to be able to stop or control his car within the range of his vision, whether it be by night-time or day-light."
We find the appellee's husband violated these rules of statute and decision.
He restricted his own vision by using dimmers instead of bright lights. He hurtled through a misty, rainy night in disregard of the hazards that might arise from poor visibility even if it be assumed that he was not travelling at a rate of more than fifty miles per hour. The reflectors set out by the operator of the truck-trailer may not have strictly complied with statutory requirements, nevertheless they did constitute warnings of danger. Their value was diminished because the driver approached them with lights dimmed; and obviously he ran over one of them for it was found off the pavement immediately after he had passed. The impact was so terrific that the relatively light automobile drove the trailer-truck twenty-one feet. Here we take for the first time a fact from the defendant's evidence, which is uncontradicted. The vehicle thus driven forward by the force of the impact weighed sixteen thousand pounds.
The most telltale circumstance was related by the member of the Florida Highway Patrol, introduced by appellee, when he said, "There wasn't any skid mark before the impact." Certainly, a driver cannot have done his utmost to avoid disaster when an obstruction looms ahead if he has not applied his brakes to the extent that his tires make marks on the pavement. And certainly he could not have been travelling at a rate of speed which would enable him "to stop or control his car within the range of his vision."
Recapitulating, it is clear to us from this unrefuted evidence, all, save one feature, developed in the appellee's presentation of her case, that the appellee's husband was running his car with so little regard for the safety of himself and his companion, and with such scant attention to the rules of safe conduct upon the highway, and with such small concern of the *668 rainy, misty condition of the weather that he ran over a danger signal, struck another vehicle without applying his brakes at all, or at least so insufficiently that there was no friction on the pavement, and that he was going at such terrific speed as to force a sixteen thousand pound truck-trailer twenty-one feet and to drive the double wheels and bumper on one side of the trailer up under the tank and completely to demolish his own car and break the drive shaft into pieces.
This to us is a situation bringing into effect the rule, also announced in G. Ferlita & Sons, Inc. v. Beck, supra, that "In cases where the undisputed evidence shows that the plaintiff is guilty of negligence which contributed to the proximate cause of the injury then, as a matter of law, he cannot recover."
We are convinced that had the appellee's husband heeded the responsibility placed on one who operates a "dangerous instrumentality" to keep it under control he could have avoided the tragedy.
Reversed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.