67 So.2d 438 (1953)
MACASPHALT CORP.
v.
MURPHY.
Supreme Court of Florida, en Banc.
September 22, 1953.
Rehearing Denied October 23, 1953.
*439 Arthur Simpson, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
James Whitehurst, of S. Whitehurst's Sons, Brooksville, for appellee.
SEBRING, Justice.
This is an appeal from a final judgment of the Circuit Court of Hernando County in a negligence action brought by the appellee, as plaintiff below, against the appellant, Macasphalt Corporation. The jury returned a verdict in favor of the plaintiff, motion for new trial was denied, and judgment was entered. The appeal is from the judgment.
The record shows that the accident happened in the nighttime. The defendant was the owner of a pickup truck which was being used at the time of the accident in the construction of an asphalt pavement on a highway in Hernando County that had not yet been opened to the public for general travel. This truck was parked on the north, or left hand, side of the road facing in an easterly direction. There was a red blinker light in operation on top of the truck and the front headlights of the truck were lighted, casting their beam directly down the highway.
The appellee Murphy was traveling on the highway in a westerly direction. He knew that the highway was under construction. He first saw the lights of the pickup truck when he came over the crest of a hill better than half a mile away from the parked vehicle. As he was approaching the truck he passed a car traveling eastward, the lights of which "sort of blinded" him. After passing this car he again saw the truck approximately 300 yards down the highway. Thereupon he applied his brakes, but was unable to avert a collision.
The question is whether, upon these facts, the court should have directed a verdict in favor of the defendant upon its motion at the close of the plaintiff's case, which motion was renewed after the submission of all the evidence by both parties.
It is settled in this jurisdiction that it is the duty of a person driving upon the highway to so operate his automobile upon the highway as to be able to stop or control his car within the range of his vision, whatever the time of the day he may be driving. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340; Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666. The undisputed evidence of the plaintiff shows that he violated this duty to himself and to others, and that as a result of this violation he proximately contributed to his own injury.
The law is plain that where the undisputed evidence shows that the plaintiff has been guilty of negligence which proximately contributed to his own injury, then as a matter of law he cannot recover damages. Petroleum Carrier Corp. v. Robbins, supra; J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45.
*440 The judgment appealed from should be reversed with directions that a judgment be entered in favor of the defendant.
It is so ordered.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.
TERRELL, THOMAS and HOBSON, JJ., dissent.