**WALKER et al.**

v.

**LOOP FISH & OYSTER CO.**

No. 14432.

United States Court of Appeals,
Fifth Circuit.

March 31, 1954.

Silas R. Stone, Port St. Joe, Fla., Thomas Sale, Panama City, Fla., for appellants.

H. P. Sapp, Wm. H. Sapp and J. M. & H. P. Sapp, Panama City, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

This is an action to recover damages for personal injuries sustained when an automobile containing a driver and six guests collided with the rear end of a trailer truck.

Appellants, plaintiffs below, who are the driver and four of the guests in the automobile, appeal from an adverse judgment below, rendered by the court without a jury. Another guest who sued, demanded and received a jury trial, which resulted in a verdict for the defendant. We are not here concerned with that suit. The remaining guest was not injured and did not sue.

Shortly before dawn on the morning of January 1, 1952, appellant, Henry R. Walker, was driving a car along highway No. 98 toward Port St. Joe, Florida, at about 25 to 35 miles per hour. There was a heavy fog at the time, which limited visibility to about 10 feet.

Defendant's trailer truck was also being driven along the same highway toward Port St. Joe. Because of the fog,

the driver of the truck failed to see a side road into which he desired to turn, and went about a truck's length beyond it. In order to get back to the side road, the driver allowed the truck to roll by gravity down a slight grade in the highway toward the side road, as his engine had stalled when he stopped. While the truck was thus drifting back, two cars travelling in the same direction as the truck passed it safely, but the car in which plaintiffs were riding crashed into the rear end of the truck, injuring the driver, Walker, and five of his guests in the car. The collision occurred just outside the city limits of Port St. Joe.

Plaintiffs assert that at the time of the collision defendant's truck was in a "jack-knifed" position, almost entirely obstructing the highway; that no warning flares or fusees had been set out as required by Section 317.66, 317.67, Fla. Stat.Ann.; that such conduct was negligent, particularly in view of the fog, and that such negligence was the proximate cause of the collision.

The defendant asserts that the plaintiffs had spent the preceding night carousing and drinking at a New Year's eve party, and that there was liquor in the car at the time of the collision. Principally, however, defendant claims that the driver did not have the car under such control that he could stop it within the range of his vision in the fog, and that such negligence was the sole proximate cause of the collision, the truck driver's negligence, if any being a remote cause.

Section 317.22(5), Fla.Stat.Ann., imposing speed restrictions in the operation of automobiles, provides that drivers shall appropriately reduce speed when any special hazard exists by reason of weather, highway or other conditions.

The district judge found that the truck driver was negligent, but that Walker, the driver of the automobile, was guilty of negligence in driving his automobile at the rate of 25 to 35 miles per hour when visibility in the fog was limited to 10 feet, and that this negligence was the sole proximate cause of the collision. At 25 miles per hour, a motor vehicle travels 36 feet in one second, which would be approximately 26 feet beyond the range of the driver's vision at the time in question. At 35 miles per hour, the vehicle would travel 51 feet per second, 41 feet beyond the driver's range of vision. Of course it would take several seconds to stop the automobile. There is ample evidence in the record to support the findings of the trial judge. Certainly it can not be said that his findings are clearly wrong. See Civil Rule 52, 28 U.S.C.A.

The Florida Supreme Court holds that it is the duty of a motor vehicle driver at all times, day or night, to operate it so that he can stop or control it within the range of his vision. Macasphalt Corp. v. Murphy, Fla., 67 So.2d 438; Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666; G. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340; City of Tampa v. Finley, 152 Fla. 335, 11 So.2d 576; City of Miami v. Saunders, 151 Fla. 699, 10 So.2d 326. Plaintiff, Walker, the driver, was clearly guilty of negligence in this respect, which would preclude recovery by him. In Florida, the comparative negligence rule does not apply in this type of case. Contributory negligence on the part of the plaintiff precludes recovery, as at common law. Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666; J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45.

But the guests in the automobile contend that Walker's negligence is not imputable to them, and that they are entitled to recover notwithstanding his negligence. In certain circumstances, however, a guest has a duty to perform in the interest of his own safety, a failure to perform which constitutes negligence on his part. Henley v. Carter, Fla., 63 So.2d 192. The Florida doctrine is that ordinarily a guest in an automobile is entitled to rely upon the vigilance and skill of his driver, unless the guest knows, or by the exercise of

reasonable care should know, that the driver is not exercising a degree of care and prudence compatible with the guest's safety. In such event, it becomes the duty of the guest to make a reasonable attempt, appropriate to the circumstances, to rectify the conduct of the driver, at least by admonition or protest. Failure to perform that duty, when required by the circumstances, constitutes negligence. Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192; Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169; Sea Board Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716; Miller v. Union Pac. R. Co., 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; Van Allen v. Atlantic Coast Line R. Co., 5 Cir., 109 F.2d 780.

■■ We agree with the district judge that these passengers failed to exercise a reasonable degree of care for their own safety, and thus were themselves guilty of negligence which precludes recovery. Although the automobile was proceeding through an extraordinarily heavy fog at 25 to 35 miles per hour, or 36 to 51 feet per second, before dawn, with visibility limited to about 10 feet, and had been so driven for several miles, and although it was obvious to them that Walker was driving in a highly dangerous manner, not one of these guests testified that he or she remonstrated or admonished him to reduce his speed. On the contrary, all of them apparently acquiesced in his recklessness, trusting, as the district judge said, that luck would see them through. Not one of them, either driver or guest, saw the truck until they were within 10 feet of it, when it was impossible to avoid the collision.

There is uncontradicted testimony that at the time of the collision the truck driver had stationed another man behind the truck with a flash light to wave traffic around the truck. He had waved two cars by in safety, but plaintiff's car, approaching very rapidly, did not heed the signal and crashed into the rear of the truck. The circumstances in which the automobile was being driven for some time prior to the collision called for action on the part of the guests in the interest of their own safety. Their failure to act was, in these circumstances, contributory negligence.

■■ Appellants assert that by considering in this case the evidence on the question of negligence adduced in the previously tried jury case, the trial court denied them due process.

As stated, there were six companion claims, all involving the same facts and witnesses so far as the question of negligence is concerned. The case in which a jury trial was demanded was tried first. In that case the issues of negligence and contributory negligence were fully developed by the evidence. Before commencing the jury case, the district judge notified counsel in these cases that in order to avoid needless repetition, all evidence on the question of negligence taken in the jury case would be "incorporated" in the non-jury cases, but that the parties to the non-jury cases could introduce in those cases any additional evidence they desired on the question of negligence. The trial court further notified plaintiffs in the non-jury cases (appellants here) that they could fully participate in the jury case, which was done.

Civil Rule 42(a) provided that "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." The essential requirements of this rule were here complied with. The trial judge in effect ordered all cases consolidated on the issue of negligence, which is clearly permissible under the rule.

The same judge tried both the jury and the non-jury cases. It would have been a work of supererogation, and a needless waste of time, for the trial judge to have again heard in the non-

jury cases the lengthy evidence on the question of negligence which he had just heard eleven days before, in the jury case. Rule 42 was designed to relieve against just such situations. There is no showing that appellants were denied the right to introduce any evidence they desired to introduce. The sole complaint is that the trial judge considered in the non-jury cases, the same evidence he had just heard in the jury case, which he notified counsel in advance he intended to do. The district judge has a wide discretion in regulating trial procedure. Appellants were not prejudiced by the method followed here.

Affirmed.