82 So.2d 158 (1955)
TOWNSEND SASH DOOR & LUMBER COMPANY, Appellant,
v.
Geraldine W. SILAS, widow of Harold G. Silas, Appellee.
TOWNSEND SASH DOOR & LUMBER COMPANY, Appellant,
v.
Henry SILAS, Administrator of the Estate of Harold G. Silas, Deceased, Appellee.
Supreme Court of Florida. Special Division B.
July 27, 1955.
Rehearing Denied September 12, 1955.
G.T. Shannon of Shackleford, Farrior, Shannon & Stallings, Tampa, for appellant.
William K. Love, and Leonard Carter, Lakeland, and O.S. Thacker and Clarence L. Thacker of Thacker & Thacker, Kissimmee, for appellee.
EDWIN L. JONES, Associate Justice.
These two causes of action were consolidated in the lower Court for trial purposes as both embraced the identical facts and are now before this Court, by stipulation of the parties, under one record for appeal.
Appellant, who was defendant in the lower Court, seeks reversal of judgments wherein the plaintiff widow, Geraldine Silas, appellee here, was awarded the sum of $17,500 for the death of her husband, and the Administrator of the estate of decedent was awarded the sum of $2,318.65, upon the grounds that decedent was guilty of contributory negligence as a matter of law which necessarily bars recovery in each case and upon the absence of any evidence showing actionable negligence on the part of the defendant.
A study of the record discloses that defendant's tractor-trailer was proceeding *159 East on State Highway No. 60, which runs between Lake Wales and Tampa, at about the time it became dark, when his truck gave out of gas. Traffic was very heavy on this particular highway at that time. The driver allowed the truck to remain standing in the lane of traffic in which he was traveling with the right front and rear wheels just off the paved surface of the highway. No flares or other warning devices were displayed upon the highway as required by Section 317.67, F.S.A., however, there is testimony to the effect that the running lights and left blinker signal were operating on the truck at the time.
Approximately thirty minutes to an hour later when it was completely dark decedent, traveling in the same lane of traffic in which the truck was parked, came upon the truck and in an attempt to avoid a collision swerved to the left and into the path of another truck driven in the opposite direction and was killed. There is no testimony as to the speed of the decedent's car or the manner in which he was driving at the time.
Three witnesses who had passed this truck shortly before the accident testified as to the extremely hazardous condition created by the truck on the highway and their near collision with it.
Unquestionably, defendant's driver was guilty of a flagrant disregard of the rights and safety of motorists upon the highway at that time and place. He made no effort to forewarn or caution others that a dangerous condition existed, and, being fully cognizant of his diminishing gas supply and with sufficient time before the truck actually stopped, he did not attempt to stop his truck in a place of safety upon the shoulder of the highway, even though the evidence shows that there existed sufficient space in the immediate vicinity to have parked off the paved surface of the roadway. The truck carried flares and other warning devices but no attempt was made by the driver to make use of such cautionary equipment.
Contributory negligence being an affirmative plea, the burden of proof was upon the defendant to establish by a preponderance of evidence that the deceased contributed directly in some appreciable degree to the fatal occurrence.
The jury heard the evidence, evaluated the credibility of the witnesses who testified and, under their prerogatives, found that defendant's driver was the sole proximate cause of the accident.
The record reveals substantial competent testimony upon which a jury, as reasonable men, could have predicated verdicts in favor of plaintiffs. From the physical facts as testified to in the trial the deceased was placed in a critical and perilous position and the jury, in a logical determination of all the testimony, could have reasonably concluded that the failure of defendant's driver to respect even the simple precautions to protect his fellow travelers, was the sole proximate cause resulting in death to the deceased.
The driver of defendant's truck knew that his gas supply was very low and would give out at any moment; he made no effort to place his truck off the highway when there existed many opportunities for him to park along the shoulder or in other clearances near the scene of the accident; no flares or other warning devices were placed around the truck as required by law, though his truck was equipped with such at the time, and he evinced an utter indifference to the extremely dangerous and hazardous condition which he had caused by leaving his truck unattended for a period of over thirty minutes, particularly when it should have been evident to him that other motorists, passing at the time, were having difficulty in evaluating the situation because of the darkness; position of the truck, and the deceiving circumstances created by the lighting he displayed on the truck.
All questions presented in this appeal were properly determined by the jury and the able trial Judge. Both judgments should be, and they are, hereby affirmed.
DREW, C.J., and TERRELL, J., concur.
*160 THORNAL, J., concurs specially.
THORNAL, Justice (concurring specially).
In the situation shown by the record the opinion of Mr. Associate Justice JONES is, in my judgment, eminently correct. However, in view of the apparent similarity between the facts in this case and the facts appearing in the three cases hereinafter discussed and which are relied upon heavily by the appellant for reversal, we do not feel that these earlier cases should be ignored in our discussion of the case at bar.
We emphasize the expression above used, to-wit, the "apparent similarity" of the factual situations for the reason that they are by no means identical as will be seen from an examination of the opinion of Mr. Associate Justice JONES. Appellant contends that the judgment of the lower Court should be reversed and, therefore, the verdict of the jury held for nought on the authority of G. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340; Petroleum Carrier Corp. v. Robbins, Fla. 1951, 52 So.2d 666, and Macasphalt Corp. v. Murphy, Fla. 1953, 67 So.2d 438.
The cases are cited as authority for the general proposition that a motorist must drive his automobile at such speed as to be able to stop or control his vehicle within the range of his vision. It was held in each of these cases that the undisputed evidence showed that the injured party was guilty of negligence which contributed to the proximate cause of his injury as a matter of law. From the decisions reached in the cases cited, it should not be concluded that the so-called "range of vision rule" is always and in every instance a rule of law unrelated to the particular facts that will bar recovery absent a consideration of the facts and circumstances of each case. Clearly the rule must be applied in the light of the circumstances before the Court in each case.
We further point out that in the cases relied upon by the appellant and cited above, the Court considered all of the attendant and related circumstances and came to the conclusion that in view of such circumstances the injured party was guilty of contributory negligence as a matter of law because of the fact that the evidence on the subject was undisputed. In none of the cases did the Court go astray of the established rule that where the evidence is in conflict or where reasonable minds might differ as to the conclusions and appropriate inferences to be drawn therefrom, the problem of resolving the doubts and conflicts is the responsibility of the jury. Whether the driver of an automobile has maintained adequate control of his vehicle within the range of his vision as required by the peculiar circumstances of each particular case is a question of fact to be weighed and considered by the jury, unless there is no conflict on the subject as was determined in the three cases cited. The so-called "range of vision rule" is actually no different from any other rule of conduct imposed by law upon the operators of motor vehicles. If the evidence is undisputed, the question of negligence or contributory negligence becomes one of law. If the evidence is in dispute and presents to the minds of reasonable men potentially different conclusions and inferences in the light of the circumstances of a particular case, then the problem of resolving the conflicts is the responsibility of the jury.
We, therefore, hold that on the basis of the facts of the case at bar we cannot appropriately conclude that the evidence shows that the deceased driver of the automobile was guilty of contributory negligence as a matter of law. Hence our conclusion that the trial judge acted correctly in leaving with the jury the responsibility of resolving the conflicts and arriving at a factual conclusion in the light of proper instructions by the Court.
DREW, C.J., TERRELL, J., and JONES, Associate Justice, concur.