ROBERTS, Justice.
This is an appeal by defendant from a jury verdict and judgment in favor of plaintiff entered in an action filed by plaintiff to recover damages for the death of her deceased husband, alleged to be due to the 'negligence of the defendant’s employee.
The suit grew out of a highway accident on a straight level stretch of road at 5:30 a. m. when plaintiff’s decedent, driving a 19S1 Studebaker, ran into the rear of a large tractor-trailer owned by defendant while it was parked on the highway with all wheels in the northbound lane of traffic, no lights or signal flares burning, and only the red reflectors on the rear of the tractor-trailer to warn of its presence on the highway. The plaintiff’s decedent was proceeding in a northerly direction at an unknown rate of speed. It was shown, however, that the Studebaker left skid marks three and a half feet in length and came to rest up under the rear of the trailer as far as the driver’s seat of the Studebaker, and that the left tandem wheels of the trailer were pushed forward by the force of the impact.
The cause was submitted to the jury on the issues of negligence of the defendant and contributory negligence of the plaintiff’s decedent. The jury found for the plaintiff, assessing her damages at $45,000. The defendant’s post-trial motions were denied, and this appeal followed.
The defendant’s principal contention on this appeal is that the evidence showed contributory negligence, as a matter of law, on the part of the plaintiff’s decedent because of his alleged violation of the “range of vision” rule followed by this court in G. Ferlita & Sons, Inc., v. Beck, 143 Fla. 509, 197 So. 340; Petroleum Carrier Corp. v. Robbins, Fla., 52 So.2d 666; and Macasphalt Corp. v. Murphy, Fla., 67 So.2d 438. This rule, as stated in G. Ferlita & Sons v. Beck, supra, is that “it is the duty of one driving upon the highway to drive at such rate of speed as to be able *506 to stop or control his car within the range of his vision, whether it be by night-time or day-light.” [143 Fla. 509, 197 So. 341.]
Obviously, this rule cannot be strictly and literally applied in every highway collision case to bar recovery by a plaintiff, regardless of the negligence of the defendant and the circumstances under which the accident occurred. The correct application of the rule is as stated by Mr. Justice Thornal in a specially concurring opinion in Townsend Sash Door & Lumber Co. v. Silas, Fla.1955, 82 So.2d 158, 160, as follows :
“Whether the driver of an automobile has maintained adequate control of his vehicle within the range of his vision as required by the peculiar circumstances of each particular case is a question of fact to be weighed and considered by the jury, unless there is no conflict on the subject as we determined in the three cases cited. The so-called ‘range of vision rule’ is actually no different from any other rule of conduct imposed by law upon the operators of motor vehicles. If the evidence is undisputed, the question of negligence or contributory negligence becomes one of law. If the evidence is in dispute and presents to the minds of reasonable men potentially different conclusions and inferences in the light of the circumstances of a particular case, then the problem of resolving the conflicts is the responsibility of the jury.”
In the Townsend case, as in the instant case, the plaintiff’s decedent was driving at a rate of speed not shown by the record, and the defendant’s tractor-trailer was parked in the lane of traffic without flares or other warning devices, although there was testimony that the running lights and left blinker signal were operating on the truck at the time. In declining to reverse a verdict and judgment for the plaintiff, the court said that “From the physical facts as testified to in the trial the deceased was placed in a critical and perilous position and the jury, in a logical determination of all the testimony, could have reasonably concluded that the failure of defendant’s driver to respect even the simple precautions to protect his fellow travelers, was the sole proximate cause resulting in death to the deceased.”
This language is equally applicable to the facts of the instant case. Accordingly, the judgment appealed from is affirmed under the authority of Townsend Sash Door & Lumber Co. v. Silas, supra, 82 So.2d 158.
Affirmed.
TERRELL, C. J., and THOMAS and O’CONNELL, JJ., concur.