CARROLL, DONALD K., Chief Judge.
The defendants have appealed from a final judgment entered by the Circuit Court for Okaloosa County and based upon a jury verdict in an action brought by the plaintiffs-appellees for damages resulting from a collision between their automobile and a tractor-trailer.
The first two and the principal assignments of error urged by the defendants on this appeal are that the trial court erred in denying the defendants’ motions for directed verdict as to the plaintiff Lance R. Mason, which motions were made at the conclusion of the plaintiffs’ case and at the conclusion of all of the evidence. In support of the said assignments the defendants argue that the said plaintiff, who was the driver of the automobile which crashed into the rear of the tractor-trailer, was guilty of negligence constituting the sole proximate cause of the collision or constituting contributory negligence barring his recovery.
The complaint filed by the plaintiffs is in two counts, the first claiming damages for personal injuries suffered by the plaintiff Dwight Mason, a minor, and the second count for property damage and personal injuries suffered by the plaintiff Lance R. Mason, as a result of the collision. The defendant John H. Cook was alleged to be the operator of the tractor-trailer, which was owned by a partnership composed of the two other defendants.
The evidence at the trial showed the following : On October 28, 1959, the defendant Cook borrowed from the other defendants a truck-tractor with a 30-foot long flat-bodied semi-trailer in order to transport two tractors into the City of Crestview for repairs at Ballard’s Machine Shop. After dark he arrived in Crestview, with his two tractors loaded on the semi-trailer, in a drizzling rain and pulled the equipment off the highway on the north side. Mr. Ballard was there and, because it was raining and dark, he suggested that Cook back the semi-trailer a few feet in order to enable him to turn the truck-tractor to its left and pull the equipment into' a lot along the west side of his shop. Cook backed up a few feet and in doing so the right rear dual wheels of the trailer got onto the pavement of the highway between two and one-half and three feet. As the truck moved forward slowly after having backed far enough to be turned into the lot alongside the machine shop, an automobile driven by the plaintiff Lance R. Mason and occupied by his two sons, Dwight and Wayne, traveling west toward Crestview at a speed of approximately 35 miles per hour in a drizzling rain with the windshield wipers working, crashed into the right rear wheels of the trailer. The father was blinded by the lights of an approaching automobile beyond which he could not see until it passed, when he was about 21 to 27 feet from the point of impact.
The doctrine chiefly relied on by the defendants on this appeal in support of their contention is the rule which has come to be known as the Range of Vision Rule. One of the earliest cases in Florida in which this doctrine was applied by our Supreme Court is Mathers v. Botsford, 1923, 86 Fla. 40, 97 So. 282, 32 A.L.R. 881. In that case the plaintiff was a pedestrian who had been walking in the night time along a public road, while the defendant was the operator of an automobile behind the plaintiff and going into the same direction. Just before the automobile overtook the plaintiff the bright lights of an approaching automobile blinded the defendant so that he did not see the plaintiff until too late to avoid the injury. The plaintiff recovered a judgment in the trial court and the defendant appealed. In upholding this judgment the Supreme Court thus discussed the duty of the defendant driver:
“Under these circumstances, when the vision of the driver of the defendant’s car was so obstructed or obscured by the bright lights on the car coming *430 from the opposite direction that he could not see anyone on the road ahead of him, it was the duty of the driver of the defendant’s car to exercise all ordinary and reasonable care and diligence to avoid injury to anyone who might rightfully be on the road in front of him, even to the extent, if need be, of stopping his car if he could not see ahead of him because of the bright lights on the car he was meeting on the road.”
For other cases recognizing the same rule, see Ferlita & Sons, Inc. v. Beck, 1940, 143 Fla. 509, 197 So. 340 and City of Miami v. Saunders, 1942, 151 Fla. 699, 10 So.2d 326.
We recognize the validity of the Range of Vision Rule as stated in the above quotation from the Mathers case, but it must be noted that that rule merely lays down the duty of the driver to exercise reasonable care and does not declare that such a driver is negligent as a matter of law, if while blinded by headlights he crashes into a person or an object. Under our court system in the present circumstances the question still remains to be determined by the jury in a law action whether the driver has in fact exercised reasonable care and properly performed the duty imposed upon him by the rule. It should be noted that in the Mathers case'the Supreme Court upheld the judgment after the factual questions as to negligence and liability had been resolved by a jury.
In applying the Range of Vision Rule, under appropriate instructions from a trial court, a jury, as the finders of fact in a law action, would naturally consider the special circumstances shown by the evidence. In the present case, for example, the jury could properly consider the fact that the object struck by the automobile was not a standing object that long had been' in the automobile’s path but had suddenly moved into its path. Our conclusion is that it was well within the discretion of the trial court in this case to deny the defendants’ motions for a directed verdict.
The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained. Metropolitan Life Ins. Co. v. Jenkins, 1943, 152 Fla. 486, 12 So.2d 374; Katz v. Bear, Fla.1951, 52 So.2d 903.
A motion for a directed verdict admits for the purpose of such motion the facts in evidence and every reasonable and proper conclusion based thereon which is favorable to the adverse party. Hartnett v. Fowler, Fla.1957, 94 So.2d 724. One moving for a directed verdict against his opponent admits not only the facts shown by the evidence but also admits every reasonable inference favorable to his opponent that a jury might fairly and reasonably arrive at from the evidence. Cutchins v. Seaboard Air Line R. Co., Fla.1958, 101 So.2d 857; Burch v. Strange, Fla.App.1961, 126 So.2d 898.
Applying these rules pertaining to the granting of directed verdicts, we think that the evidence at the trial was such that the jury could have fairly and reasonably inferred therefrom that the defendants were liable for negligence and that the plaintiff Lance Mason was not guilty of negligence barring his recovery. The trial court, accordingly, rightly denied the defendants’ motions for a directed verdict.
We have considered the other assignments of error filed by the appellants in this appeal and we find them to be without substantial merit.
In view of the foregoing our conclusion is that the final judgment appealed from should be and it is affirmed.
Affirmed.
STURGIS and WIGGINTON, JJ., concur.