183 So.2d 10 (1966)
Alice GAVEL, Appellant,
v.
Regina Beckley GIRTON, Appellee.
No. 5700.
District Court of Appeal of Florida. Second District.
February 2, 1966.
Rehearing Denied February 24, 1966.
*11 Carrol F. Dillon and Gene R. Osselmeier, Sarasota, for appellant.
Clyde C. Goebel, of Grimes, Grimes, Goebel & Parry, Bradenton, for appellee.
LILES, Judge.
Appellant, plaintiff below, appeals from a final judgment in favor of appellee, defendant below, entered pursuant to a jury verdict directed by the trial judge.
Plaintiff filed an action to recover damages suffered in an automobile accident allegedly caused by the gross negligence of defendant-driver. Defendant answered and alleged plaintiff had assumed the risk and had been guilty of contributory negligence. The case proceeded to trial where plaintiff testified that the accident occurred while defendant was taking her to the bus station about 5:00 or 5:30 in the morning. Plaintiff stated that it was dark and that a heavy, thick fog blanketed the highway. Plaintiff maintained that defendant was driving rapidly and had difficulty manipulating a sharp corner. Approximately three miles beyond the curve, defendant failed to stop at an intersection. The car traveled across a highway and landed in a ditch.
Plaintiff testified that defendant had been driving between 40 and 50 miles per hour, which plaintiff stated was "too fast for the condition, no matter what the speed was." Plaintiff stated, however, that she made no comment to defendant, even though she was frightened, and that she "just hoped" defendant knew what she was doing. The trial judge directed a verdict in favor of defendant at the close of plaintiff's case upon the theory that plaintiff assumed the risk and therefore could not recover.
The trial court's ruling, although couched in terms of "assumption of the risk" was apparently based upon those cases holding that in certain circumstances a passenger in an automobile has a duty to attempt to warn or control the conduct of the driver. This rule was stated and explained in Bessett *12 v. Hackett, 66 So.2d 694, at 698-699 (Fla. 1953), where the Florida Supreme Court stated:
"An exception to the general rule that a guest riding in an automobile is entitled to trust the vigilance and skill of the driver arises where the passenger knows, or by the exercise of ordinary and reasonable care should know, from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger. `In such case it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest or other means suitable to the occasion, to control the conduct of the driver. However, before the duty to warn, protest, or take other such action suitable to the circumstances of the case, arises, it is necessary that the occupant should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, and there must be sufficient time and opportunity for the guest to give warning or make protest before the happening of the accident; for a guest in an automobile may know at a particular time what the driver is doing, yet have no reason to realize that it is necessary that he intervene for his own safety. See Restatement of the Law, Volume II, pp. 1282-1284, 1230, 1231, 1262; Huddy's Cyclopedia of Automobile Law, 9th Ed., pp. 257, 258, 265.' Knudsen v. Hanlon  Knudsen v. Balderston, 160 Fla. 566, 36 So.2d 192, 194."
The factual situation in Walker v. Loop Fish & Oyster Co., 211 F.2d 777 (5th Cir.1954), is similar to the case at bar. In that case, involving an automobile accident in Florida, plaintiff and his passengers collided with the rear of defendant's truck. The district judge found the truck driver negligent but also found that plaintiff, who was driving, was guilty of contributory negligence in driving his automobile 25 to 35 miles per hour when visibility was limited by a heavy fog to approximately ten feet.
The guests in the automobile contended that the driver's negligence was not imputable to them. The court pointed out that this was a situation requiring the application of the rule set out above, and affirmed the trial court ruling, stating:
"We agree with the district judge that these passengers failed to exercise a reasonable degree of care for their own safety, and thus were themselves guilty of negligence which precludes recovery. Although the automobile was proceeding through an extraordinarily heavy fog at 25 to 35 miles per hour, or 36 to 51 feet per second, before dawn, with visibility limited to about 10 feet, and had been so driven for several miles, and although it was obvious to them that Walker was driving in a highly dangerous manner, not one of these guests testified that he or she remonstrated or admonished him to reduce his speed. On the contrary, all of them apparently acquiesced in his recklessness, trusting, as the district judge said, that luck would see them through. * * *" Walker v. Loop Fish & Oyster Co., supra, at page 780.
In the instant case plaintiff knew defendant was driving "too fast for conditions." She was frightened but said nothing, hoping defendant "knew what she was doing." Under the most favorable construction given plaintiff's testimony, defendant had driven at least three more miles after plaintiff became aware that there was some danger to her safety. Thus, plaintiff was cognizant of the fact that defendant was not operating the vehicle with a degree of care compatible with plaintiff's safety, and she had sufficient time and opportunity to give warning or make some remonstrations before the happening of the accident. Yet she said nothing nor in any *13 way attempted "through suggestion, warning, protest or other means suitable to the occasion" to control defendant's conduct.
Plaintiff argues that it would be unreasonable to expect her to get out of defendant's car at 5:30 a.m. on a dark, foggy morning in a sparsely populated area. We agree with that contention, but plaintiff was not required to go that far. The law imposed upon her only a duty to make some reasonable attempt through suggestion, warning or otherwise to control the situation. Plaintiff failed to meet that duty for she made no attempt, reasonable or otherwise, to correct matters.
Plaintiff also asserts that the portion of § 320.59, Fla.Stats., F.S.A. which states, "* * * the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury," required the trial judge to submit the question to the jury in any event. This contention is without merit since our Supreme Court has held that portion of the statute to be mere surplusage and the legal sufficiency of the evidence to be at all times a question for the court to settle. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941). See also Travis v. Blackmon, 155 So.2d 698 (D.C.A.Fla. 1963).
Furthermore, the correct basis for the trial court's ruling is that plaintiff was guilty of contributory negligence rather than "assumption of the risk" as such. In cases of this nature the two defenses overlap, and it usually makes no difference what the defense is called. See Prosser, Torts § 55 (2d ed. 1955). We will not undertake to determine whether the legislature meant to distinguish between the two defenses, since the legal sufficiency of the evidence to support either may be determined by the court. The fact that the trial court directed a verdict on the basis that plaintiff "assumed the risk" does not affect our determination, since a correct ruling will be affirmed even though based upon erroneous reasoning.
In view of the foregoing, the decision of the court below is affirmed.
ALLEN, C.J., and DEKLE, HAL P., Associate Judge, concur.