WALDEN, Chief Justice.
This is a negligence action wherein the common issues of negligence and contributory negligence were presented and charged to the jury. Their verdict favored plaintiff with damages. Defendants appeal from the resulting final judgment. We affirm.
In seeking a reversal defendants ask us to assess the facts and from them to decide as a matter of law either that defendants were free of actionable negligence or that plaintiff was guilty of contributory negligence. We have reviewed and con- *653 elude that the verdict was supported by substantial competent evidence and the jury operated within its proper sphere. This being true, we find no reason in law for this court to resolve the issues differently.
There was a collision between a moving automobile driven by plaintiff and the defendants’ parked flatbed tractor-trailer truck.[1] It occurred at night while plaintiff was in the process of making a left turn at a street intersection. Involved were unlighted streets with unmarked lanes within a county subdivision.
State traffic statutes governed the events and it is uncontroverted that both vehicles were in clear violation at the time.
A. Defendants’ truck violated F.S.1967, Section 317.445(1), F.S.A.,[2] and F.S.1967, Section 317.581(3), F.S.A.,[3] because it was unlighted and improperly parked on the wrong side of the street.
B. Plaintiff violated F.S.1967, Section 317.341(2), F.S.A.,[4] in that he “cut the corner” and to some extent was on the wrong side — the left half — of the street as he proceeded into the turn and struck the defendants’ truck.
Defendants argue that plaintiff’s violation of the traffic statute and his failure to see and avoid the defendants’ truck absolutely bars plaintiff from recovery and made it mandatory for the trial court to enter judgment for defendants. While they urge plaintiff’s statutory violation should be contributory negligence as a matter of law, they inconsistently contend that their violation of the statute and conduct was not actionable negligence, also as a matter of law.
Booth v. Mary Carter Paint Company, Fla.App.1966, 182 So.2d 292, states the rule with reference to traffic law violations :
“It is settled law in Florida that the violation of a traffic law is prima facie evidence of negligence. Michalski v. Peaslee, Fla.App.1965, 174 So.2d 427. Of course, this does not mean that such violation is conclusive or that it is not re-buttable, or that it cannot be overcome by proof of other circumstances. * * * ”
Therefore, the jury was free to conclude that either plaintiff or defendants, or both, were guilty of negligence although *654 it was not required to do so under the circumstances of this case.
Even had the jury concluded both parties were guilty of negligence, the fundamental or underlying question before us deals with proximate cause. Under the facts and circumstances of this case the jury was the proper arbiter in deciding if the acts highlighted by defendants were or were not proximately and causally related to the collision.
A plaintiff may be guilty of negligence yet not be barred from recovery if such negligence was not the proximate cause of his injury. Bessett v. Hackett, Fla.1953, 66 So.2d 694, set forth the well known limitation that,
“ * * * [I]t is not every act of negligence on the part of a plaintiff that will bar his recovery for injuries resulting from the negligence of another. It is only when negligent acts on the part of the plaintiff have a direct and proximate causal relation, or contribute in some appreciable degree, to the injury that recovery is precluded. * * * ”
This material was quoted in Musachia v. Rosman, Fla.App.1966, 190 So.2d 47. That case held additionally that the issue of proximate cause is peculiarly one for the jury. See also Bohlmann v. Booth, Fla.App.1967, 196 So.2d 507, and Nelson v. Ziegler, Fla.1956, 89 So.2d 780
Defendants have cited Sims v. Apperson Chemicals, Inc., Fla.App.1966, 185 So.2d 179, and Preger v. Gomory, Fla.1951, 55 So.2d 541, for the proposition that their violation of parking ordinances was not, as a matter of law, a proximate cause of plaintiffs injuries. Upon examination we are satisfied that the dissimilar facts with which they dealt disqualify them as precedents in this case.
Inasmuch as the statutes and their legal effect were properly explained to the jury we feel that no error has been demonstrated and that the facts were such as to allow the jury in the performance of its function to resolve the issues in the manner in which it did.[5]
Affirmed.
REED, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.

. For a collection of Florida cases involving collisions with stopped or parked vehicles, see Tipton’s Florida Trial Law Journal, May 1968.

. “317.445 Additional parking regulations.—
“(1) Except as otherwise provided in this section, every vehicle stopped or parked upon a two-way roadway shall be so stopped or parked with the right-hand wheels parallel to and within twelve inches of the right-hand curb or edge of the roadway.”

. “317.581 Lamps on parked vehicles.— a % $ *
“(3) Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto outside of a municipality, whether attended or unattended, during the hours between a half hour after sunset .and a half hour before sunrise and there is insufficient light to reveal any person or object within a distance of five hundred feet upon such highway, such vehicle so parked or stopped shall be equipped with and shall display lamps meeting the requirements of subsection (1).”

.“317.341 Turning at intersection.—
« * * *
“(2) At any intersection .where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersection and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.”

. For instances of collisions between a stopped and moving vehicle where the questions of contributory negligence were submitted to the jury, see Townsend Sash, Door & Lumber Co. v. Silas, FIa.1955, 82 So.2d 158, and Lientz v. Holder, Fla. 1957, 95 So.2d 505.