RAWLS, Judge.
Appellants appeal an adverse verdict in a case involving a rear-end collision between two trucks. Their appeal is based on the sole contention that the driver of the colliding truck (plaintiff below) was contribu-torily negligent as a matter of law and should be barred from recovery because of Florida’s “range of vision” rule.
The facts surrounding this accident are as follows: About 1:30 a. m., on July 2, 1969, a motorist was driving north on the Sunshine State Parkway when he developed car trouble. The motorist pulled his car completely off the highway on the right side of the Parkway and signaled for help. The driver of a truck, also proceeding north (not involved in the accident), saw the motorist, pulled his truck completely off the road behind the disabled car and stopped, with both brake and flashing lights on. While the motorist was talking to the driver of this truck, a second truck approached. The driver of the second truck, Odell Patterson (defendant below), saw the two stopped vehicles and came to a stop on the highway, parallel to the first truck, to offer assistance. Although Patterson stopped only momentarily before proceeding on, the evidence shows that during this moment neither the brake lights nor the flashing signal lights of his truck were on. At this time a third truck approached, also proceeding north, which was being driven by Kenneth Lively (plaintiff below). Lively, who did not see the second truck until he was approximately 125 feet away, was unable to swerve into the lefthand lane because of a parallel passenger car, and this truck collided with the rear end of Patterson’s truck.
The driver of a fourth truck, which was also proceeding north, saw the accident and was able to pull completely off the road avoiding damage. There was a slight curve in the highway immediately preceding the scene of the accident.
The owner and driver of the third (colliding) truck filed suit for damages and personal injuries against the defendants. The jury in a special verdict found Patterson (and his employer) negligent and liable to the plaintiffs. It further found that the *452 plaintiff-driver was not negligent. Defendants’ sole contention on appeal is that the plaintiff-driver was contributorily negligent as a matter of law because of Florida’s “range of vision” rule.
The “range of vision” rule requires that every driver operate his vehicle at such a rate of speed as to be able to stop or control his car within his range of vision, whether it be by nighttime or daylight.[1] This rule has been applied numerous times to preclude recovery by the colliding driver in factual situations similar to the instant case.[2] However, under the factual circumstances in each of these cases, the colliding driver, by uncontroverted evidence, was guilty of traveling at an excessive rate of speed — made excessive either by the established maximum speed limit or by the road conditions at the time of the accident.
The “range of vision” rule has apparently been modified where a question of material fact exists as to whether or not the colliding driver was traveling at an excessive speed under the circumstances. Mr. Justice Thornal, in his concurring opinion in Townsend Sash Door & Lumber Company v. Silas,[3] discussed the Ferlita and Petroleum Carrier cases, stating: “ * * * it should not be concluded that the so-called ‘range of vision rule’ is always and in every instance a rule of law unrelated to the particular facts that will bar recovery absent a consideration of the facts and circumstances of each case. Clearly the rule must be applied in the light of the circumstances before the Court in each case.” He also stated: “ * * * where the evidence is in conflict or where reasonable minds might differ as to the conclusions and appropriate inferences to be drawn therefrom, the problem of resolving the doubts and conflicts is the responsibility of the jury. Whether the driver of an automobile has maintained adequate control of his vehicle within the range of his vision as required by the peculiar circumstances of each particular case is a question of fact to be weighed and considered by the jury, unless there is no conflict on the subject as was determined in the three cases cited.”
This reasoning was later reaffirmed in the case of Lientz v. Holder,[4] a case which involved a factual situation similar to the instant case. A truck driver had left his truck, which had run out of gas at night, parked in the northbound lane of a highway with no lights or signal flares burning. The plaintiff motorist had also been traveling north and collided with the rear end of the truck. As in the instant case, the issue of the contributory negligence of the colliding motorist because of a failure to maintain adequate control of his vehicle within his range of vision was submitted to the jury. There, also, the jury concluded that there was no contributory negligence.
We conclude that the issue of plaintiff’s contributory negligence was properly submitted to the jury and its determination will not be disturbed.
Affirmed.
CARROLL, DONALD K., Acting C. J., and MELVIN, WOODROW M., A. J., concur.

. G. Ferlita & Sons, Inc. v. Beck, 143 Fla. 509, 197 So. 340 (1940).

. G. Ferlita & Sons, Inc. v. Beck, supra; Petroleum Carrier Corp. v. Robbins, 52 So.2d 666 (Fla.1951) ; Central Truck Lines, Inc. v. Rogers, 140 So.2d 130 (Fla.App. 1st 1962).

. Townsend Sash Door & Lumber Comany v. Silas, 82 So.2d 158 (Fla.1955).

. Lientz v. Holder, 95 So.2d 505 (Fla.1957).