MARY M. MATSON v. TIP TOP GROCERY COMPANY, INC., a corporation.

9 So. (2nd) 366                          En Banc
July 28, 1942

Harry Gordon and L. J. Cushman, for plaintiff in error.

Knight & Green, for defendant in error.

ADAMS, J.:,

Writ of error was issued to a final judgment adverse to plaintiff after demurrer sustained to plaintiff's declaration. The pertinent part of the declaration is:

"That on to-wit, the 18th day of March, 1940, and for a long time prior thereto the defendant owned and operated a certain store at 27 N. W. 5th Street, in the City of Miami, Dade County, Florida, wherein the said defendant offered for sale to the public groceries and other kinds of merchandise, and as a part of the said store also kept and maintained a certain lunch counter at which the said defendant served to the public food, drinks and other refreshments; that the said lunch counter was on said date, and had for a long time prior thereto located upon a certain platform the floor of which was to-wit, twelve and three-quarter inches above the floor of the said store; that upon the said platform, around the edge of the said lunch counter, the said defendant erected and maintained a row of stools, which the said defendant provided for customers and patrons of the said lunch counter to sit upon while being served, and while eating; that the said defendant carelessly and negligently erected the said row of stools so close to the edge of the platform upon which the said stools were situated, that a patron in turning to step from said stool after eating would step directly from the said stool to the floor, which was a distance of to-wit, two

feet, unless warned of the narrow space which was provided as a step from the said stool to the floor of the said store; that on the day and date aforesaid, the plaintiff was an elderly lady, and on said date the plaintiff went to the defendant's store for the purpose of purchasing such merchandise as her needs required; that the plaintiff went to the said lunch counter and purchased food, and after plaintiff had consumed the said food, plaintiff turned and started to proceed from the lunch counter into the said store; that the defendant carelessly and negligently permitted the said lunch counter and the platform upon which the same was kept and maintained by the said defendant to constitute a dangerous trap, in this: that the said row of stools upon the said platform, including the stool upon which the plaintiff had sat while being served as a patron of the said lunch counter, to be erected and maintained within a few inches from the outside edge of the said platform, and also so close to the said lunch counter that no room was provided upon which one could step from the said stool to the floor of the said platform, and from said platform to the floor of said store, and said defendant carelessly and negligently failed to warn the plaintiff of the danger incident to dismounting from the said stool upon which she had been seated as aforesaid, so that plaintiff, upon dismounting from the said stool, attempted to step to the floor of said platform, but fell from the stool to the floor of the said store, as a direct and proximate result of which said negligence, the plaintiff was rendered sick, sore, lame and disabled for a long period of time, . . ."

The lower court said:

". . . The court is of the opinion that plaintiff has fully stated the situation and circumstances under which she sustained injury. The court is of the opinion that the declaration is beyond hope of amendment."

If the plaintiff could have made a stronger case by amending she could have proffered such amendment by appropriate motion. Failing to do so, we will not hold the lower court in error for not allowing further amendment to the declaration. Furthermore, it appears to us as it did to the lower court that plaintiff had fully stated the ultimate facts of her case and further amendments could have disclosed no other or different facts.

The question is whether it is negligence for the proprietor of a public place to maintain steps or an uneven floor level and not give warning of same to persons invited upon the premises?

Plaintiff's status was that of an invitee. Defendant owed plaintiff the duty of maintaining the premises in a reasonably safe condition. Moulden v. Jefferson Standard Life Ins. Co. 147 Fla. 36, 2 So. (2nd) 302. The law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer. Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety. It is common knowledge that there are steps and uneven floor levels in many public places. Such construction may be for convenience, necessity, artistic arrangement or to facilitate better merchandising. Such construction, when within reason, is not a breach of duty in the sense of failure to use due care for the safety of those invited upon the premises. It naturally follows

then, that there is no duty to warn of an obvious condition which is not in itself dangerous. It is to be observed that we are dealing with a hidden danger. The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises. If she is derelict in observing the step down, she surely cannot complain that she was not warnèd. Her neglect to any appreciable extent which contributed to the injury is a complete bar to her recovery. For authority and further discussion see: Sterns v. Highland Hotel Co., 29 N. E. 2nd 721, Brooks v. Sears, Roebuck & Co., 19 N. E. (2nd) 39, Boyd v. Logan Jones Dry Goods Co., (Sup. Ct. Mo.) 104 S. W. (2nd) 348, Mitchell v. George A. Sinn, Inc., 308 Pa. 1, 161 Atl. 538.

The judgment is affirmed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.

WHITFIELD and BUFORD, JJ., dissent.

BUFORD, J., dissenting:

Writ of error brings for review final judgment on demurrer sustained to declaration.

The judgment is:

"Plaintiff's declaration, as the court sees it, in view of the law in Florida as pronounced by the Supreme Court of Florida on the liability of the owner or occupant of premises for breach of duty to an invitee, fails to disclose any negligence on the part of defendant. The court is of the opinion that plaintiff has fully stated the situation and circumstances under which she sustained injury. The court is of the opinion that the declaration is beyond hope of amendment.

"Without argument from counsel for either side, but the court being fully advised in the premises after research in the law, the court has reached the conclusion above stated.

"It Is Thereupon Ordered

"1. That defendant's demurrer to plaintiff's declaration be, and the same is hereby sustained.

"2. That plaintiff take nothing by her suit and that the defendant go hence without day.

"3. That defendant recover from plaintiff all costs of this action in the sum of $————, to be taxed by the Clerk of this Court, for which let execution issue.

"Done and Ordered at Chambers, Miami, Florida, March 26, A. D. 1941."

The pertinent part of the declaration is set forth in the majority opinion.

While the declaration could be amended so as to more clearly state a cause of action, we construe it as alleging sufficient facts to show that plaintiff has a cause of action. Therefore, sustaining the demurrer of itself (while an order requiring an amendment would have been proper) was not reversible error, but plaintiff should have been allowed to amend. This right was cut off and precluded by that part of the judgment of the court wherein it was said: "The court is of the opinion that plaintiff has duly stated the situation and circumstances under which she sustained injury. The court is of the opinion that the declaration is beyond hope of amendment."

A Texas case which appears to us to be as near identical with this as one case may be with another with which it has no local connection is that of Walgreen Texas Co. v. Shivers, (Tex. Civ. App.) 131 S.W. (2nd) 650.

In that case the declaration on a like cause of action was sustained as against demurrer, while judgment in favor of plaintiff was reversed on the other grounds.

We think the judgment should be reversed and the cause remanded with directions that plaintiff be allowed to file amended declaration and that other proceeding be had in accordance with law and practice.

WHITFIELD, J., concurs.