58 So.2d 523 (1952)
FAULK et al.
v.
PARRISH.
Supreme Court of Florida, Division B.
March 25, 1952.
Rehearing Denied May 20, 1952.
Caldwell, Parker, Foster & Wigginton, Tallahassee, and John H. Carter, Marianna, for appellants.
H.V. McClellan, Blountstown, Davis W. Ramsey and Thomas Sale, Panama City, for appellee.
MATHEWS, Justice.
This is a suit for personal injuries as authorized by the Workmen's Compensation Act. F.S.A. § 440.01 et seq. It is the result of a most unfortunate accident in Calhoun County which rendered the plaintiff in the court below, appellee here, permanently disabled.
*524 The plaintiff in the court below, appellee here, was an employee of the State Road Department of Florida, and was designated and authorized as an assistant, or representative, of the State Highway Engineer of the State of Florida to act as an inspector on the construction of a portion of the State highway.
There is no dispute as to the nature or extent of the injuries. The sole question is one of liability.
An original declaration, an amended declaration, and a second amended declaration were filed. The second amended declaration alleges that the plaintiff in the court below was an inspector of the State Road Department on a road construction job; the job was under contract to the defendants and on the day in question concrete was being poured for a large culvert; that the mixer was in the center of the road on the North bank of the excavation, and a platform, referred to as a "catwalk", had been constructed on the bank in front of the mixer over the excavation into which concrete was to be placed; that the bottom slab of the culvert and the walls had been poured during the daytime, while plaintiff as such inspector was on the job, and the work of pouring the walls and footings continued after dark; after dark several fires were built to provide light while the crew was mixing and placing concrete in the wing-walls and the footings; the fires subsided at times and would not give sufficient light for the plaintiff to inspect the cement as it was mixed and poured into the wheel-barrows; defendants' contract with the State Road Department provided that no concrete should be poured or placed after dark except by written approval of the Engineer, and further, that no work should be performed after dark unless the contractor provided adequate lighting system as stipulated in the general specifications covering the contract; that the defendants breached their contract by pouring concrete after dark and without the approval of the Engineer, and by failing to provide an adequate lighting system; that the lights provided by the contractor were inadequate; he had actual knowledge of these conditions; he was forced to walk from one side of the mixer to the other for close inspection of the cement, sand, and gravel, and of the concrete as it was being poured out of the other side of the mixer into wheelbarrows; that just prior to the accident, he was on one side of the cement mixer nearest the catwalk inspecting concrete and was forced to step back on the catwalk to avoid being struck by wheelbarrows pushed by laborers as they came up to get loads of concrete. It is then alleged that he stepped back on the catwalk as the first wheelbarrow approached the mixer and when the second wheelbarrow approached, plaintiff stepped further back on the catwalk to avoid being struck. It is alleged that he then turned and walked out on the catwalk (which he knew was there) away from the mixer in order to call another inspector who was on the ground below; that it was so dark he could not see and after calling the inspector, he turned around and in doing so stepped off the catwalk and fell to the floor, where he received his injuries. Plaintiff alleges that the proximate cause of his injuries was the defendants' failure to have erected handrails, guard rails, or banisters along the edge of the catwalk for his protection, and in failing to provide an adequate lighting system by which he could have seen his way on and off the walk. Nowhere does the declaration allege that plaintiff did not have full knowledge of all the alleged dangerous conditions.
Defendants filed a demurrer on the grounds that said declaration failed to charge them with any breach of duty to the plaintiff, and that it affirmatively appeared from the declaration that the proximate cause of plaintiff's injuries resulted from his own negligence. The lower Court overruled the demurrer. The parties went to trial which resulted in a verdict and judgment for the plaintiff below.
At the conclusion of the case of the plaintiff, and of the trial, a motion was filed by defendants for a directed verdict which was denied by the Court. The motion for new trial upon the Court's error in refusing to direct a verdict for the defendants and that the plaintiff's evidence failed to prove any cause of action against the defendants was denied. A motion in arrest of judgment *525 was filed by the defendants directed to the Court's alleged error in overruling the demurrer to the declaration. This motion was denied. These rulings of the Court were assigned as error.
In charging the jury, the Court said: "The defendant has requested certain Special Charges". Among the charges requested was a charge numbered 9. With reference to this charge, the Court said:
"Number nine will be given, which is as follows:
"`Number 9. In order for the plaintiff to recover anything from the defendants the burden is upon him to prove by a preponderance of the evidence that the alleged negligence of the defendants was the sole proximate cause of his alleged fall and injury; therefore, if you should find from the evidence that the negligence of the plaintiff was a contributing cause of his injury, that is, that negligence on the part of the plaintiff contributed to his alleged fall and injury, then the plaintiff is not entitled to recover and you must return a verdict for the defendants.'
"That completes the requested charges.
"* * * By the Court: Gentlemen, are there any objections to the charges as given, or any requests for additional charges?
"By Mr. Sale: Not from the plaintiff.
"By Mr. Parker: We have no objections, but I would like to call your attention to the fact that we have no plea of contributory negligence.
"By the Court: Your last requested charge was on contributory negligence; your last requested charge indicated there was.
"By Mr. Parker: We had no plea of contributory negligence, but we have no objections."
The case was tried based upon the allegations of the second amended declaration and the pleas filed by the defendants and the charge as given by the Court. The pleas filed by the defendants were:
"1. They are not guilty.
"2. The plaintiff was not injured and damaged as alleged.
"3. The negligence of the plaintiff in stepping off the scaffold was the sole proximate cause of his alleged injury.
"4. The alleged dangerous condition of the scaffold was obvious to the plaintiff at the time he went upon same and sustained his alleged injury.
"5. The alleged dangerous condition of the scaffold was known to the plaintiff at the time he went upon same and sustained his alleged injury.
"6. The plaintiff assumed the risk of injury because the alleged dangerous condition of the scaffold was obvious and known to him when he went upon same and sustained his alleged injury."
Even though, strictly speaking, there may not have been a proper plea of contributory negligence, the Court and the parties without objection, considered that contributory negligence was a dominant issue in the case, and the jury was instructed, without objection, that: "If you should find that the negligence of the plaintiff was the contributing cause to his injury * * * then the plaintiff is not entitled to recover, and you must return a verdict for the defendants".
The declaration shows on its face that the plaintiff knew that the scaffold, or catwalk, was unlighted, or not sufficiently lighted, and was not protected by handrails. As shown by the second amended declaration the plaintiff was an inspector on the job. He knew of the actual conditions and knowing these conditions, the declaration shows on its face that he did not take, or exercise, that ordinary care and caution which any prudent person should take for his own protection and safety. The declaration shows on its face that the negligence of the plaintiff under the facts and circumstances set forth and alleged therein was either the sole proximate cause of the injuries, or that it proximately contributed to the injuries. In either case, he could not recover under the second amended count of the declaration.
If the declaration shows on its face that the sole proximate cause of the injuries was the negligence of the plaintiff, then the declaration wholly fails to state a cause of *526 action. If, on the other hand, the declaration shows on its face that the negligence of the plaintiff proximately contributed to his injuries, then such contributory negligence so shown is a complete bar to recovery. The greater includes the lesser. The demurrer should have been sustained.
It has often been suggested that contributory negligence is an affirmative defense and in order to bar recovery, it should be specially pleaded. This is true in some circumstances, but not in all.
In the case of G. Ferlita & Sons v. Beck, 143 Fla. 509, 197 So. 340, the Court stated at page 342: "We are not unmindful of the fact that whether or not the plaintiff is guilty of contributory negligence, is, in most cases, a jury question, but it is a jury question only when the evidence is conflicting. In cases where the undisputed evidence shows that the plaintiff is guilty of negligence which contributed to the proximate cause of injury then, as a matter of law, he cannot recover. See J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann.Cas. 1913C, 564."
The Court in that case reversed judgment for the plaintiff, where the plaintiff himself put on testimony which was undisputed and which showed he was guilty of negligence proximately contributing to his injuries. As a matter of law this Court held plaintiff was barred from recovering.
It is now very clear that when the complaint contains allegations of fact which if proved would show the plaintiff guilty of negligence proximately contributing to his injury, the complaint must fall, if properly attacked.
It would further tend toward endless confusion to allow a plaintiff to allege facts showing he was guilty of contributory negligence and then give him a chance to go to the jury to see if he was going to produce testimony proving his allegations. A demurrer admits such facts.
One of the most authoritative text writers on Florida Law, Crandall, in discussing this question at page 81 of his Florida Common Law Practice, 1940 Supplement, said: "The 3rd headnote to Walker v. Smith, 119 Fla. 430, 161 So. 551, misinterprets Justice Buford's opinion. His language applies to the case under consideration, and clearly was so intended. He did not say a declaration which alleged facts which as a matter of law show the plaintiff was guilty of contributory negligence is not demurrable. Whether it is or not, has not, so far as I know, been decided in this state. In Groover v. Hammond, 73 Fla. 1155, 75 So. 857, Justice Shackleford conceded for the purpose of his discussion that it was, but he did not so decide. The question is nicer than one might at first think. Contributory negligence is an affirmative defense and the general rule is that if such defensive matter appears in the declaration it is treated as surplusage and the defendant is required to plead. However, while an affirmative defense such as contributory negligence is anomalous in character, defendant may avail himself of it without a plea if it appears in the allegations or in the plaintiff's proofs. Under these decisions averments showing plaintiff guilty of contributory negligence are not surplusage. It follows that a declaration showing the plaintiff guilty of contributory negligence is subject to demurrer. It has been so held in a number of states."
In this particular case the uncontradicted testimony offered by the plaintiff shows that his own negligence was the sole proximate cause of the injuries, or that it proximately contributed to the injuries. In other words, his uncontradicted testimony sustained the allegations of his amended declaration which showed that either his own negligence was the sole proximate cause, or his negligence proximately contributed to the injuries.
Even if the Circuit Judge had not committed a fatal error in overruling the demurrer to the second amended declaration, he committed error in refusing to grant the defendant's motion for an instructed verdict.
When a declaration or complaint shows on its face that the negligence of the plaintiff was the sole proximate cause of the injuries, no cause of action is stated and a *527 demurrer should be sustained, or a motion to dismiss granted as the case may be.
There has been some confusion with reference to contributory negligence and in order to eliminate such confusion, or doubts, which may have existed as to contributory negligence, we hold:
(1) Where the positive allegations of a complaint, or declaration, show that the plaintiff has been guilty of negligence and that such negligence contributed proximately to the injuries, such declaration fails to state a cause of action and may be taken advantage of by the defendant. Contributory negligence is a complete bar to recovery.
(2) Even though a declaration, or complaint, may not show on its face that the negligence of the plaintiff proximately contributed to the injuries, but uncontradicted testimony of the plaintiff at the time of trial does show that the negligence of the plaintiff proximately contributed to the accident, which caused the injuries, then the defendant may take advantage of such a situation and move for a directed verdict, and it becomes the duty of the trial Judge to grant such motion and direct a verdict for the defendant.
When the evidence offered at the time of the trial by the plaintiff is uncontradicted and shows that his own contributory negligence proximately caused the accident and injuries, only a question of law is presented and there is no question of fact to be submitted to the jury.
In this case the second amended declaration contained allegations of fact which show that the negligence of the plaintiff was the sole proximate cause of the accident, or that such negligence of the plaintiff proximately contributed to the accident, and it was futile to submit the matter to a jury in order that the plaintiff might offer testimony to prove the allegations of negligence on his part as alleged and set forth in the declaration. In this case the testimony offered by the plaintiff was uncontradicted and proved the allegations of negligence on his part contained in the declaration, and which were admitted by the filing of the demurrer.
Reversed for further proceedings in accordance with this opinion.
SEBRING, C.J., TERRELL and HOBSON, JJ., and PARKS, Associate Justice, concur.
CHAPMAN and THOMAS, JJ., dissent.