66 So.2d 251 (1953)
FREDERICH'S MARKET, Inc.
v.
KNOX.
Supreme Court of Florida, Division B.
July 7, 1953.
Rehearing Denied July 16, 1953.
Wicker & Smith, Miami, for appellant.
Frederick M. Lucarelli and Joseph M. Gomez, Miami, for appellee.
THOMAS, Justice.
The appellee was successful in an action to recover damages for injuries suffered when she fell while shopping in appellant's super market. She alleged that she tripped over a box eight inches high and twenty inches long which protruded into an aisle ten or twelve inches. She charged her misfortune to appellant's negligence "in causing * * * or allowing said box to be placed" at the particular location in the store. From the testimony the object causing the mishap would be more accurately described as a box fastened lengthwise to a permanent bin or rack. The box was being used for the display of a bag of apples.
On the pivotal point presented in the briefs we must agree with appellant. An object of the dimensions we have described supporting a sack of merchandise was so obvious that anyone possessed of normal senses, and using them, could have, and should have, seen the obstacle and avoided injury by not stumbling over it.
While the storekeeper is obligated to keep his place of business in a reasonably safe condition, the customer is bound to use reasonable care for his own safety. *252 The merchant cannot be expected to escort his customers around furnishings designed to exhibit his wares. The duties of the two parties in the relationship are reciprocal. See Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366.
To hold a storekeeper responsible to a customer who falls over an object of the proportions we have detailed, set adjacent to a counter and topped by a sizeable package so arranged as purposely to attract the attention of customers to its presence, would require our retreat from the position often assumed that merchants are not insurers.
We can only conclude, giving appellee the benefit of all implications arising from the evidence, that the stumbling block was so obvious that the appellant should not be held responsible for the injuries appellee suffered through failure to fend for herself.
Reversed.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.