74 So.2d 230 (1954)
FIELDS
v.
QUILLIAN et al.
Supreme Court of Florida. Division A.
June 25, 1954.
Rehearing Denied August 31, 1954.
Millard B. Conklin, Adams & Judge, Daytona Beach, for appellant.
Alfred A. Green, Daytona Beach, for appellees.
MATHEWS, Justice.
This is an appeal from a final summary judgment denying damages for personal injuries.
It appears from the record that appellant went to a building in the early stages of construction to see a man by the name of Hugo Quillian. There was nothing for him to see but the steel skeleton of the three-story building with Quillian on the roof superintending his crew at work. Appellant had no knowledge about the condition of the roof or the stage of construction but he accepted the waving of the hands of Quillian as to what he understood to be an invitation to come to the top of the building. When he reached the roof, men were working on the East side end to cover it and about 25% was covered with fresh cement, about 35% with a black paper material of unknown strength, and the remaining 40% was steel framework. No one was standing *231 or walking on the black paper and there was nothing to indicate that anyone had walked over it or that it was safe to be walked upon. There were ropes and barricades around the building but appellant made no inquiry and sought no permission to go to the top of the building except what he considered to be an invitation from Quillian by the waving of arms and hands. When he got to the top of the building he did not know that Quillian was unaware that appellant had reached the roof but he observed Quillian at work on the North side of the roof and he made no attempt to communicate with Quillian or make his presence known. He had no knowledge or experience in such a situation and did not inquire or ascertain from anyone whether it was safe or advisable for him to step upon and walk across the black paper covering he saw in front of him. He saw boards spread about on the roof and he lowered himself from the parapet wall to the roof and started across it to see Quillian. He weighed 178 pounds. The black covering would not support his weight. He could have ascertained this fact by inquiry which he failed to make. He fell through to the girder or steel joist of the second floor.
When the undisputed facts show that there was no negligence on the part of the defendant or that the negligence of the plaintiff appreciably caused the accident or was the sole proximate cause of the accident, there is nothing to submit to the jury. Faulk v. Parrish, Fla., 58 So.2d 523.
The Court found that there was no genuine issue as to any material fact and entered final summary judgments in favor of the defendants.
This Court has repeatedly held that a summary judgment should be entered where there is no genuine issue as to any material fact and such facts show that the asserted claim is without merit. Nothing could be accomplished by submitting the case to the jury. Lomas v. West Palm Beach Water Co., Fla., 57 So.2d 881; Goodman v. Miami Beach Ry. Co., Fla., 57 So.2d 445; Richmond v. Florida Power & Light Co., Fla., 58 So.2d 687; Earley v. Morrison Cafeteria of Orlando, Fla., 61 So.2d 477; Embry v. Southern Gas & Electric Corp., Fla., 63 So.2d 258, 264; Bottom v. Rank, Fla., 70 So.2d 832.
It is likewise the settled law in this State that where the uncontradicted evidence shows that the plaintiff is guilty of contributory negligence there can be no recovery. Ferlita & Sons v. Beck, 143 Fla. 509, 197 So. 340; Matson v. Tip Top Grocery, 151 Fla. 247, 9 So.2d 366; Clyde Bar, Inc. v. McClamma, 152 Fla. 118, 10 So.2d 916; Tutwiler v. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163; Miller v. Shull, Fla., 48 So.2d 521; Feigen v. Sokolsky, Fla., 65 So.2d 769.
Affirmed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.