MATHEWS, Chief Justice
(dissenting).
This is an appeal from a final judgment in a personal injury case.
The appellee alleged that she was injured while a pedestrian on a sidewalk in Palatka. The accident happened on the 17th day of February, 1952, and in the complaint the appellee alleged the appellant maintained the sidewalk in. a defective and unsafe condition by reason of which she did “necessarily stumble and fall by reason of her feet unavoidably and necessarily falling into a deep crevice and/or hole in said sidewalk, which said crevice and/or hole was caused by the defective and unsafe condition of said sidewalk as aforesaid”. The appellant pleaded the general issue and contributory negligence. As to the negligence of the appellant, the burden of proof was upon the appellee. If the pleadings and evidence of the appellee fail to show any contributory negligence, then the burden of proof of contributory negligence was upon the appellant.
The appellee testified that on Sunday afternoon, about 7:00 o’clock in the evening, she was going to church. It had rained heavily that day and she crossed over from the side of the street she regularly used and was walking on the- other side -of the street when she stumbled into the sidewalk and *566 fell, between 25 and 50 feet from the corner where there was a street light. She-broke her arm. She testified she had never noticed the condition of the sidewalk before she fell and that she stumbled over a piece of sidewalk, or paving, which was between 6 and 12 inches above the level of the sidewalk. In her complaint appellee alleged that she fell into a crevice or hole. She further testified that she clearly saw the condition of the sidewalk after she had fallen but did not see the condition before she fell. The testimony in that regard is as follows:
“Q. You have said that these, as I understand it, that these represent the location of the place on the sidewalk on 13th Street where you fell? A. Yes ma’am.
“Q. How soon after you fell did you go back and look at the place on the sidewalk? A. I can’t tell you. I didn’t go back in a long time.
“Q. You can’t really say whether this is a clear picture of the sidewalk as it was when you fell? A. Yes’m.
“Q. Well, didn’t you say it was dark when you fell? A. Yes, but I could see that after I fell, and glanced at it.
“Q. Could you see it clearly enough to positively identify these pictures? A. I sure can.,
“Q. And you can mark out the different places on it? A. Yes ma’am.
“Q. And it is just exactly the way it was when you fell? A. Yes ma’am.”
The record shows that the sidewalk and the place where the accident happened was substantially in the same condition it had been for a period of more than 10 years; that there was a large oak tree on the edge of the sidewalk and throughout the years the roots from such tree had grown larger under the sidewalk and had caused the condition. The tree was plainly visible to anyone and the condition of the edge of the sidewalk next to the tree was obvious and plainly visible to anyone. For more than 10 years the sidewalk had been used by pedestrians and no one had ever complained of the condition of the sidewalk to the City and so far as the record shows, no one had ever been injured by reason of the obvious condition of such sidewalk.
If it be admitted that the City was negligent because it had failed to cut the tree down and re-lay the sidewalk in smoother condition or in permitting the sidewalk to remain in the condition it was for more than 10 years, the proof submitted by the appellee that she fell on the sidewalk because she stumbled into a piece of concrete or sidewalk 6 to 12 inches higher than the ground level constituted a material variance from the allegation of the complaint that she fell into a deep hole or crevice. It is possible that a deep hole or crevice may not be observed by a pedestrian as readily as a piece of sidewalk or concrete 6 to 12 inches higher than ground level. The mere fact that the appellee, after falling and breaking her arm and while in great pain, could see and' describe the concrete or piece of sidewalk 6 to 12 inches above ground level, shows, that the condition was obvious and that had she been looking she would have seen that which was so obvious and plainly visible.
A piece of sidewalk or concrete standing-6 to 12 inches above the street level was not latent or concealed but was “patent and-obvious, and the ordinary use of her senses, by the * * * [appellee] would have disclosed it to her.” Earley v. Morrison, Cafeteria Co. of Orlando, Fla., 61 So.2d. 477, 478.
In the case of Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368, this. Court said:
“Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety. * * * The duty which the plaintiff owes tp herself is to observe the obvious and apparent, condition of the premises.”
*567 See also opinion On Rehearing in Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769, and Andrews v. Narber, Fla., 59 So.2d 869.
The case should be reversed, with directions to set aside the final judgment and grant motion of the appellant for a new trial.