85 So.2d 130 (1956)
Florence M. BECKSTED, Appellant,
v.
RIVERSIDE BANK OF MIAMI, a banking Institution organized and existing under and by virtue of the laws of the State of Florida, Appellee.
Supreme Court of Florida. Division B.
February 1, 1956.
Olavi M. Hendrickson, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams and Reginald L. Williams, Miami, for appellee.
ROBERTS, Justice.
The appellant, plaintiff below, was injured when she stepped on a grating covering a drain in a parking lot maintained by the defendant bank, appellee here, for its customers, and sued the bank for damages for its alleged negligence in maintaining the drain. The deposition of the plaintiff was taken and, on the basis of such deposition and exhibits filed by defendant, the trial judge entered a summary judgment in favor of defendant. Plaintiff has appealed.
Some discussion is had here of the question of whether the plaintiff was a business visitor of the bank or a mere licensee; but we think a decision of that question is unnecessary. Even if it be assumed that plaintiff was a business invitee on the bank's parking lot, it was nonetheless her duty to see that which would be obvious to her upon the ordinary use of her senses and to exercise a reasonable degree of care for her own safety. Bowles v. Elkes Pontiac Co., 1953, Fla., 63 So.2d 769, 772. "* * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises." Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368. The drain in question was not a concealed or latent danger, if danger it was. It was plainly visible and could have been seen by plaintiff if she had been looking, and she said that she wasn't looking.
In these circumstances, we agree with the trial judge that there was no genuine issue of fact as to the liability of the bank to the plaintiff, and that it was not error to enter a summary judgment in favor of the defendant.
Affirmed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.