O’CONNELL, Justice.
The appellant, 6345 Collins Avenue, Inc., hereinafter called the hotel, was defendant in the trial court in an action brought by Murray A. Fein, hereinafter referred to as plaintiff, wherein plaintiff sought damages for injuries received in a fall on the hotel’s premises. In a trial by jury plaintiff received a verdict in amount of $25,000. Judgment was entered on the verdict and this appeal is taken therefrom.
The facts of the case are relatively simple and for the most part are not in conflict.
On March 16, 1954, in daylight hours, plaintiff drove his automobile into the two- *578 lane, semi-circular driveway or ramp leading up to the entrance to the defendant’s hotel. He stopped in the center, opposite the steps leading to the entrance to the hotel, got out of his car and walked up the steps into the hotel to register. He gave his car key to a bellhop to remove his baggage.
After inspecting his room and looking over the hotel premises and facilities plaintiff decided to get some special coat hangers he had left in his car. When he reached the driveway he found that his car had been moved from the spot he had left it. Plaintiff’s car had been moved by a hotel employee away from the steps at the entrance and down the driveway about two car lengths. Another car had been parked bumper to bumper behind his car. Both cars were parked on the right hand side of that part of the driveway leading down from the entrance of the hotel to the street with their right wheels near or against the curb on the edge of the driveway, which curb was approximately 6 inches high and 6 inches wide. The plaintiff testified that the car parked behind his blocked a portion of the steps.
The plaintiff walked around to the left side of the two cars and entered the left door of his car. An employee of the hotel accompanied him to the car. Plaintiff climbed into the rear of his two door sedan. The employee leaned in to help him pick up the hangers.
After picking up the hangers plaintiff opened the right door, and without looking stepped sideways out of the car. His right foot descended first and came to rest on the curb, but as his left foot came down his right foot slipped and he fell into the area adjacent to the driveway breaking his heel in the fall.
In his complaint, plaintiff charges that the hotel violated its duty to maintain its premises in a reasonably safe condition in that:
“(1) it maintained a sunken flower bed or sunken ground adjacent to the ramp driveway from the street to the doorway entering the hotel, and
“(2) it did not barricade the sunken ground so as to prevent the hotel guests from stepping or falling down into it.”
Plaintiff also charged that the hotel was guilty of negligence in placing his auto against the curb alongside the sunken area when the auto was moved by an employee of the hotel.
In its answer the hotel denied any negligence and pled the defense of contributory negligence.
In his testimony plaintiff stated that he had to go around, i. e. to the left side of the car behind his, to get to his car. When asked if he had looked to see if there was enough passageway to get by the right side of the car behind him he answered:
“A. I mean it was manifest there was another car blocking part of the stairway. I just had to walk down to the car to get to the ramp.” Again he was asked a question:
“Q. I believe your testimony before was you knew there wasn’t enough room for you to go down along the right side of the car; is that correct, sir? A. I believe so, yes.”
Again he was asked a question:
“Q. Was there sufficient room for you to walk between where your car was parked and the curbing? A. I don’t believe so. I do not believe so.”
The plaintiff testified that from his position in the rear of his car he could not see the curb or see where he stepped. He indicated that he could have seen had he put his head out the door. He testified that there was nothing to prevent his having observed the nearness of his car to the curb, or the difference in elevation from the curb to the adjacent ground in the *579 flower bed or sunken area. He admitted that he did not look at the curb or area where he stepped before he did so.
The following additional facts regarding the scene of the accident must be given in order to make the setting clear. The driveway in question is in a semi-circle, with the steps leading to the lobby of the hotel being approximately at the top of the curve. The driveway rises in elevation as it approaches the steps and descends as it leaves the steps to return to the street. As above stated there is a curb marking the outer edge of the driveway. Along the right side of the driveway, on both sides of the steps, there is a hedge of shrubs which hedge appears to continue along the drive for a distance of some 25 to 30 feet. The hedge is sparse and one can easily see through it. It extends upwards above the level of the curb some two to three feet.
At the place where the accident involved here occurred the curb on the driveway is approximately two to three feet higher than the ground which abuts it and in which the hedge is growing. Both the curbing and the hedge clearly mark the edge of the driveway. There is no suggestion from any of the circumstances that the area outside the curb and beyond the hedge is a walkway and is safe for use of one departing a car. The drop in elevation is clearly visible to one who would look at it, particularly from the height at which plaintiff would have looked down from his car.
At the trial, the hotel made timely motions for directed verdict in its favor. The court reserved ruling thereon. The jury returned a verdict for plaintiff. The hotel after the jury rendered its verdict made a motion for entry of judgment on its motions for directed verdict, or in alternative for new trial and made a motion for judgment non obstante veredicto. The trial court entered judgment for plaintiff and denied the motion for new trial. The other motions were not specifically denied but we will treat them as having been denied.
As one ground of its motion for new trial the hotel asserted that the jury was guilty of misconduct because one of the jurors made an unauthorized view of the scene of the accident and advised the other jurors of his visit, his observations, and his conclusions. The hotel attached to the motion for new trial an affidavit of the juror who made the unauthorized view. The plaintiff subsequently submitted to the court another affidavit of the same juror to the effect that his view of the premises did not affect his actions as a juror.
We have before us in this case three questions. First, doe9 the record reflect that the hotel was guilty of negligence; second, does the record reflect that the plaintiff was guilty of contributory negligence so as to bar recovery; and, third, if we decide both of these questions in favor of the plaintiff we must determine whether the misconduct of the jury warrants giving the hotel a new trial.
We will first consider the question of plaintiff’s contributory negligence since if we determine that he was guilty of such as a matter of law, it will be unnecessary to answer the other questions presented.
As abovestated, plaintiff’s evidence showed that although he knew that there was not room to approach his car from the right side thereof he nevertheless stepped from his car in a sideways position on the right side without looking down to make certain that he could do so with reasonable regard for his own safety. There is no dispute as to this evidence.
It is clear that plaintiff had a duty to look where he stepped and that he failed to exercise ordinary or reasonable care for his own safety. The fact that he knew that there was not sufficient room to go between the curb and his car on the right side thereof aggravates his lack of care for his own safety in stepping therefrom without looking first.
In the recent case of Becksted v. Riverside Bank of Miami, Fla.1956, 85 *580 So.2d 130, we said that every person has the duty to see that which would be obvious to him upon the ordinary use of his senses and to exercise a reasonable degree of care for his own safety in view of the circumstances.
Therefore even if we were to assume that the plaintiff was not aware of the alleged unsafe condition created by the lack of space between his car and the curb and/or of the difference in elevation between the curb and the adjacent ground we still must come to the conclusion that he had the duty to see these conditions and to exercise reasonable care for his safety in view of them, and having failed to make use of his ordinary senses to see them he is guilty of contributory negligence.
Plaintiff in his brief urges that the holding of this Court in McDermott v. Ergstrom, Fla.1955, 81 So.2d 553, is applicable. In that case a newspaper rack protruding from a wall was plainly seen if approached from one direction, but could not be seen in advance when approached from another. This Court held that the rack constituted a trap when approached from the direction from which it could not be seen. But in the case now before us the plaintiff himself testified that there was nothing which would have prevented his seeing the alleged dangerous condition had he but looked. Under the facts of this case, the holding of the McDermott case is not applicable.
Assuming for the salce of argument that the hotel was negligent, it is obvious that plaintiff’s negligence contributed to the proximate cause of his injury and he cannot recover. Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d 366; Fredericks Market v. Knox, Fla. 1953, 66 So.2d 251 and Dramstadt v. City of West Palm Beach, Fla.1955, 81 So.2d 484.
Where the evidence on the question is in conflict, the absence or presence of contributory negligence is a question to be decided by the jury. But where the undisputed evidence shows that plaintiff is guilty of negligence which contributes to the proximate cause of his injury it becomes the duty of the court to direct a verdict against the plaintiff and failure to do so is reversible error. Faulk v. Parrish, Fla. 1952, 58 So.2d 523. When the evidence shows that plaintiff’s negligence appreciably caused the accident there is nothing to submit to the jury. Fields v. Quillan, Fla.1954, 74 So.2d 230, Becksted v. Riverside Bank of Miami, supra.
The hotel made timely motions for directed verdict and within the time provided under Fla.R.C.P. 2.7(b), 31 F.S.A., moved to have the verdict set aside and judgment entered for it in accordance with its motions for directed verdict. The trial court should have granted the motion for directed verdict. Having reserved ruling thereon until after the verdict of the jury he should have set aside the verdict and entered judgment for the hotel in accordance with its motion for directed verdict.
Where such motion to set aside the verdict and enter judgment for movant is denied by the trial court the appellate court may either affirm or may reverse with directions to enter judgment for the movant in accordance with his motion for directed verdict. See cases cited in annotations in 85 L.Ed. 167 and 97 L.Ed. 98. Also see Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. The above annotations and cited case deal with the provisions of Fed.Rules Civ.Proc. rule 50(b), 28 U.S.C.A., which is similar to the provisions of Fla.R.C.P. 2.7.
Having determined that the lower court should be reversed on this point, it is-not necessary for this Court to further consider the other two points raised by the defendant on this appeal.
This cause is therefore reversed and remanded with directions that the trial court set aside the verdict and judgment *581 and enter judgment for the hotel-defendant in accordance with its motion for directed verdict.
TERRELL, C. J., and HOBSON and DREW, JJ., concur.