104 So.2d 653 (1958)
Edward D. ANDREWS, Appellant,
v.
Anthony GOETZ, d/b/a Emmy and Andy's Service Station, and Orange State Oil Company, a Florida Corporation, Appellees.
No. A-38.
District Court of Appeal of Florida. First District.
July 31, 1958.
Rehearing Denied September 8, 1958.
*654 Horn & Ossinsky, Daytona Beach, for appellant.
Hull, Landis, Graham & French and Alfred A. Green, Daytona Beach, for appellees.
WIGGINTON, Judge.
This appeal is from a final order entered consequent to the defendant-appellees' motions for summary judgment. The facts were established by plaintiff-appellant's undisputed deposition, which contains as exhibits certain photographs important to an understanding of the case.
The salient facts are: Plaintiff-appellant, while walking across appellees' premises for the purpose of paying a bill for oil previously purchased, caught his shoe on the broken edge of a concrete mound that encased the fill pipe leading to an underground gasoline storage tank, and was thus caused to fall on the paved area of the premises and incur serious injuries.
By his amended complaint it was alleged, inter alia, that the defendants were negligent and careless in permitting the concrete mounds around the fill pipes to become rough and jagged, thereby creating an inherently dangerous condition which was or should have been known to them. The defendants answered with a general denial, alleged contributory negligence, assumption of risk, and that plaintiff's negligence was the sole proximate cause of his injuries.
In his deposition plaintiff admits that his injury occurred in mid-morning on a clear day; that his view was entirely unobstructed; that he had been on or around the premises in question on numerous occasions; that on such prior occasions he had observed the mounds in question; that "Normally walking, I watch them; normally watching, I would see the mounds;" and that he did in fact see them at the time he fell.
From the photographs on exhibit, which were identified by plaintiff as accurately portraying the scene of his injury, except they "* * * ain't as clear as I seen it on the day I fell," it appears that the mounds are of obvious dimensions, generally oval in shape with clearly visible portions broken away at the edges, and located in an open and unobstructed expanse of the cemented area around the premises.
It cannot be disputed that plaintiff occupied the position of a business invitee. Therefore, it was incumbent upon the person or persons in control of the premises to exercise ordinary care for plaintiff's safety and to warn him of any latent or concealed defects which were or should have been known to them.[1] This duty neither extends to nor imposes further duty to warn against patent or obvious conditions which are not dangerous per se.[2] Our Supreme Court has continually adhered to the proposition that every person owes himself the duty to see what is plainly to be seen by the ordinary use of his senses, and, if patent and clearly visible, it is deemed in law to have been seen.[3] Failing to exercise such care for his own safety, one cannot complain that he was not warned. And such neglect to any appreciable extent which contributes to the injury is a complete bar to recovery.[4] Furthermore, when uncontradicted testimony of the plaintiff shows that his own negligence either constituted the sole proximate cause of, or substantially contributed to his injury, the defendant is entitled to a *655 summary judgment before trial,[5] or a directed verdict during trial.[6]
It is clearly apparent that the negligence of the plaintiff in the instant case was the cause of his injury, inasmuch as he admitted observing and being fully aware of the existence of the mound over which he tripped and fell. Plaintiff is held to have appreciated the danger, if any, inherent in the broken condition of the mound, since that condition was so patently visible upon the ordinary use of the senses. His failure to exercise due care for his own safety bars recovery.
From the foregoing it follows that plaintiff's right to recover being precluded as a matter of law, the trial court was eminently correct in granting summary judgment for defendants. Accordingly, the judgment appealed from must be and it is hereby affirmed.
STURGIS, C.J., concurs.
CARROLL, DONALD K., Judge (dissenting).
I feel constrained to dissent from the majority in this appeal, for I believe that the judgment appealed from should be reversed.
This is an appeal from a summary judgment in favor of the appellee, the defendant below, in an action for personal injuries. In his amended complaint the appellant, the plaintiff below, alleged that the defendant Goetz owned and operated a filling station and grocery store in New Smyrna Beach, Florida, and maintained on the premises "three fill pipes and caps, which were built up with a concrete mound, and said fill pipes and caps were located in an area where business customers were known to walk, and would necessarily be required to walk, and that said inherently dangerous condition of said fill pipes and caps were known, or should have been known by the defendant to be negligent."; that the defendant Orange State Oil Company owned the building and premises where Goetz owned and operated the filling station. The plaintiff further alleged that the defendants jointly and severally were negligent in that they permitted concrete mounds around the filling pipes to become rough and ragged around the edges where the mounds joined the concrete level surface, so that they became inherently dangerous to business invitees on said premises and that plaintiff on the said date was walking on the premises of the filling station for the purpose of transacting business with the station and while walking on the premises the edge of the plaintiff's shoe became entangled and caught on the edge of one of the mounds, and thereby the plaintiff lost his balance, fell on the pavement and fractured his hip and leg, suffering great physical and mental pain and anguish, etc. In his answer the defendant Goetz pleaded that he was not guilty; that the condition referred to in the amended complaint was open and obvious to the plaintiff and that the plaintiff's negligence in failing to observe such open and obvious condition was the sole proximate cause of his injuries; and that the plaintiff's said negligence proximately contributed to his injuries. Goetz also denied that he had caused the condition referred to in the amended complaint. Similar defenses were alleged in its answer by the defendant Orange State Oil Company.
Each of the defendants filed a motion for summary judgment and upon the hearing of these motions the trial judge granted the motions and in his order stated in part:
"The Court having examined the pleadings and the deposition of the plaintiff and it appearing on pages 7 and 8 of the plaintiff's deposition that he admitted knowledge of the existence of the concrete mound, that he saw them when he was entering upon the *656 filling station, that there was nothing to obstruct his view, that the middle mound caused his fall and that his fall was not caused by any grease spots, the Court is of the opinion that there is no genuine issue as to any material fact. * * *"
Turning to pages 7 and 8 of the plaintiff's deposition we find the following:
"Q. Do you know what caused you to fall? A. My foot come entangied in the cement business which was on top of the floor, on the ragged edges of it.
"Q. What do you mean by `floor', Mr. Andrews? I'm not quite clear. A. Well, that would be the same  oh, like a pavement, and then these mounds were built up with cement on top of that, oval shaped.
"Q. They were concrete mounds. Were they the ones that were over the gasoline tanks? A. That's right.
"Q. Had you ever seen these mounds before? A. On normal walking I had.
"Q. Did you see the mounds prior to the time you fell? A. I seen them normally there, but there was grease spots on the floor around the mounds at the time that I fell.
"Q. Well, did the grease spots cause you to fall, or did the mounds cause you to fall? A. The mound. My foot became entangled in the bottom part of the mound on the ragged edge.
"Q. Did you see the mounds immediately before you fell? A. Normally walking, I watch them; normally watching, I would see the mounds.
"Q. Did you see the mounds after you fell? A. I had to fall the other way. I was laying down on the ground when I looked the next time. They tripped me.
"Q. But you did see them then? A. I guess so."
Evidently it was upon this testimony of the plaintiff that the trial judge found that the plaintiff was guilty of contributory negligence barring recovery, or guilty of negligence that constituted the sole cause of his injuries.
It seems to me that upon any fair reading of this testimony it can only be concluded that the plaintiff admitted seeing the mounds but did not admit that he saw the ragged or other dangerous condition of the mounds. Merely seeing the mounds prior to his catching his foot in the ragged edge of a mound is not in my opinion enough to bar the plaintiff's recovery. Only proof that he saw the dangerous condition of the mound, or by the exercise of reasonable diligence should have seen such dangerous condition, would bar his recovery against the defendants. There is no other evidence in the record that would justify the conclusion that the plaintiff saw or should have seen the dangerous condition of the mounds prior to his falling.
This view, I think, is fundamental in negligence law. As was pointed out in 38 Am. Jur., Negligence, Section 188:
"Care in avoiding injury implies that there is, or would be with all prudent persons, something to create a sense of danger. A plaintiff's knowledge of the physical characteristics of the offending instrumentality or condition does not, in itself, constitute contributory negligence. A voluntary exposure to a known danger is an essential element of contributory negligence. Moreover, it is the appreciation of, or the opportunity to appreciate, the peril in an instrumentality or condition, rather than a knowledge of its physical characteristics, that bars a plaintiff of recovery for negligence. It does not follow necessarily, from proof that the plaintiff had knowledge, as of a physical fact, of the place or appliance by means of which he sustained the injury complained of, that he must have appreciated the danger to which he was *657 exposed therefrom. For example, a person walking or driving on the highway is not precluded from recovering for injuries produced by a defect therein merely by reason of the fact that he knew of the defect. Appreciation, as well as knowledge, of the danger may be imputed." (Emphasis supplied.) See, also, Lindsay v. Thomas, 128 Fla. 293, 174 So. 418, and Humphries v. Boersma, 5 Cir., 190 F.2d 843.
The plaintiff did not trip over the mound. The record completely establishes that he fell when his foot was caught in the ragged edges of the mound. The fact that the defendants introduced in evidence certain photographs which show a dark area around the bottom of the mounds, possibly reflecting the defective condition of the mounds, does not justify this court in looking at the photographs and concluding, as a matter of law, that the plaintiff saw the ragged edges of the mounds before he fell. The minimum requirement before making such a conclusion would be proof that the pictures were taken from a position where the plaintiff was prior to his fall, and there is no such evidence.
In the instant case there was no evidence that the plaintiff knew or should have known of the dangerous condition of the mounds, much less was there any evidence that he appreciated the danger of walking at the service station where the mounds were located.
It is established in this state that in considering a motion for summary judgment "all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party." Williams v. City of Lake City, Fla., 62 So.2d 732, 733.
30 F.S.A. Rule 1.36 of the Florida Rules of Civil Procedure relating to summary judgments and decrees provides in paragraph (c) in part:
"The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Emphasis supplied.)
It is my opinion that the defendants in this case are not as a matter of law upon the record before us entitled to a judgment, and, therefore, I would reverse the judgment and remand the cause for a trial by jury.
NOTES
[1] Hall v. Holland, Fla. 1950, 47 So.2d 889.
[2] Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366.
[3] See: Bowles v. Elkes Pontiac Co., Fla. 1952, 63 So.2d 769.
[4] Supra Note 2.
[5] Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482.
[6] Faulk v. Parrish, Fla. 1952, 58 So.2d 523.