OWEN, Judge
(dissenting) :
In my opinion the trial court correctly granted the defendant’s motion for directed verdict because the plaintiff was guilty of contributory negligence as a matter of law. I would affirm the judgment,
The evidence is clear that just minutes before his injury he had twice stepped across the vertical edge of the cart ramp that had been cut into the walkway in front of the store. This fact alone would be sufficient to'charge the plaintiff with the duty to see that which was obvious upon the ordinary use of his senses.[1]
But this case does not need to turn on the question of whether the plaintiff failed to see that which he should have seen. Plaintiff testified that he knew the ramp was there. With such actual knowledge he nonetheless stepped upon the vertical edge of the cutaway portion which action caused him to sustain his injury. Under such circumstances, he was guilty of contributory negligence as a matter of law.[2]
Where the undisputed evidence shows that a plaintiff is guilty of negligence which proximately contributes to the cause of his injury, it becomes a duty of the court to direct a verdict against the plaintiff and his failure to do so is reversible error.[3]

. Chambers v. Southern Wholesale, Fla. 1956, 92 So.2d 188; Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d 366; Grail v. Risden, Fla.App.1964, 167 So.2d 610; Andrews v. Goetz, Fla.App. 1958, 104 So.2d 653.

. Dewar v. City of Miami, Fla.1957, 93 So.2d 58; Stueber v. Maintenance, Inc., Fla.App.1967, 205 So.2d 305.

. 6345 Collins Avenue v. Fein, Fla.1957, 95 So.2d 577; Faulk v. Parrish, Fla. 1952, 58 So.2d 523.