MAGER, Judge
(dissenting) :
It is my humble view that the final judgment should be affirmed in all respects, or, conversely, reversed in all respects. According to the terms of its contract with NASA the responsibility of TWA was to provide both security guard services and roads and ground services. TWA subcontracted only that portion of its contract regarding security services with Wackenhut. Its primary responsibility for roads and ground services still remained intact. It is my view that as a matter of law Wackenhut’s duty and responsibility under the sub-contract related solely to security services and did not embrace any services relating to the safety conditions of roads under construction. For that reason the directed verdict was proper.
In addition, even if it be concluded that notwithstanding its subcontract Wackenhut undertook to provide warnings or traffic controls in the construction area, it is my view that the evidence in the record would support a finding of either no negligence on the part of Wackenhut or negligence on the part of the plaintiff which was the proximate cause of the injury. In Hormovitis v. Mutual Lumber Company, Fla.App. 1960, 120 So.2d 42, at 46, it was stated:
“It has long been settled that a court may direct the verdict when reasonable men could not differ on the issue presented. Likewise, when the undisputed facts show that there was no negligence on the part of the defendant or that the negligence of the plaintiff was the proximate cause of the accident, there is nothing to submit to the jury. Fields v. Quillian, Fla. 1954, 74 So.2d 230. ...”
It would seem to me that the jury verdict in favor of TWA lends further support for the correctness of the entry of the directed verdict for Wackenhut. Recognizing the distinctions between the principles applicable to the entry of a directed verdict and those relating to a review of a jury determination it would seem to me that if there was error as to Wackenhut then the entire cause ought to be reversed as there is no way to assess the effect that the “erroneous” entry of the directed verdict had upon the jury in its deliberations.