PER CURIAM.
Plaintiff-appellant seeks review of an adverse final judgment entered pursuant to a directed verdict in favor of defendant-appellees' in an action for bodily injuries.
On June 18, 1968 plaintiff Agustín Cle-mente drove a school bus into the defendants’ gasoline station for the purpose of purchasing gas. While waiting for the attendant to fill the gas tank, plaintiff alighted from the bus. As the attendant finished and placed the hose back on the pump, it began to rain and plaintiff, seeking to re-enter the bus before getting wet, either walked hurriedly or ran toward the open door of his bus. As he passed be *32 tween the open door and the edge of the gas platform, plaintiff’s foot became entangled in the hose and he fell striking his head against the gasoline pump and his knee of the raised portion of the platform. Plaintiff-appellant sought recovery for his bodily injury sustained as a result of this fall and the defendants raised the defense of contributory negligence as a bar. On November 29, 1972 the cause came on for trial and at the close of the plaintiff’s evidence, the defendants moved for a directed verdict on the grounds that the plaintiff was contributorily negligent as a matter of law. The motion was granted and in accordance therewith judgment was entered in favor of the defendants.
Plaintiff-appellant contends that it was error for the trial court to have directed a verdict in favor of the defendants on the ground that plaintiff was contributorily negligent. We disagree.
We are well aware that an appellate court must view the evidence and testimony in a light most favorable to the appellant on appeal from a judgment tendered on a directed verdict, 2 Fla.Jur. Appeals § 302 (1963), and that the general rule is that the issues of negligence and contributory negligence are to be determined by the jury and ordinarily they should not be disposed of by the court in a peremptory manner. 23 Fla.Jur. Negligence § 129 (1959). Nevertheless, we are equally conscious that a directed verdict of the trial court comes to the District Court of Appeal with a presumption of correctness. See Hollander v. Nolan Brown Motors, Inc., Fla.App.1973, 272 So.2d 9. Further, it is well established that when the undisputed evidence shows that plaintiff is guilty of negligence which contributes to the proximate cause of his injury, it is the duty of the court to direct a verdict against the plaintiff. 6345 Collins Avenue v. Fein, Fla.1957, 95 So.2d 577.
Turning to the case sub judice, the plaintiff himself testified to the effect that it started to rain very hard and without watching his steps, he began to either run or walk quickly toward the open door of the bus upon which his eyes were fixed.
In light of the above, the trial judge was correct in concluding that the plaintiff was guilty of negligence which contributed to the proximate cause of his injury and, thereupon, granting defendants’ motion for a directed verdict. For when the evidence shows, as in the case at bar, that the plaintiff’s negligence appreciably caused the accident, there is nothing to submit to the jury. Fields v. Quillian, Fla.1954, 74 So.2d 230; Becksted v. Riverside Bank of Miami, Fla.1956, 85 So.2d 130; 6345 Collins Avenue v. Fein, supra.
We find the following holding in G. Ferlita & Sons, Inc. v. Beck, 143 Fla.509, 197 So. 340 (1940) to be applicable to the instant case.
“We are not unmindful of the fact that whether or not the plaintiff is guilty of contributory negligence, is, in most cases, a jury question, but it is a jury question only when the evidence is conflicting. In cases where the undisputed evidence shows that the plaintiff is guilty of negligence which contributed to the proximate cause of the injury then, as a matter of law, he cannot recover.”
For the reasons stated hereinabove, the judgment must be and hereby is affirmed.
Affirmed.