[Cite as *State v. Johnson*, 2017-Ohio-7264.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27279 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-119 |
| | : | |
| JONATHON E. JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of August, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, 101 Southmoor Circle NW, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Jonathon E. Johnson, appeals from his conviction in the Montgomery County Court of Common Pleas after the trial court found him guilty of having weapons under disability with a firearm specification. In support of his appeal, Johnson contends that there was insufficient evidence presented at his bench trial to support his conviction. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 21, 2016, the Montgomery County Grand Jury returned an indictment charging Johnson with two counts of felonious assault, one count in violation of R.C. 2903.11(A)(1) (serious harm), and the other count in violation of R.C. 2903.11(A)(2) (deadly weapon). Both of the felonious assault counts included a three-year firearm specification and a repeat violent offender specification. Johnson was also charged with one count of having weapons under disability in violation of R.C. 2923.13(A)(2), which also included a three-year firearm specification. The charges stemmed from allegations that Johnson shot his girlfriend, Alexius Laster, in the groin while she was sitting in the front-passenger seat of his vehicle.

{¶ 3} After pleading not guilty to the charges, on July 28, 2016, Johnson waived his right to a jury trial on the weapons under disability charge. Accordingly, the case proceeded to a jury trial on the two felonious assault charges and a bench trial on the weapons under disability charge. The jury trial began on August 1, 2016, during which the State presented testimony from various witnesses including, but not limited to, Laster;

Laster's attending physician, Dr. Garietta Falls; Montgomery County Sheriff's Deputy Douglas Gearhart; Detective Robert Schumacher; forensic DNA analyst Mary Cicco; evidence technician David Cole; forensic firearm expert Chris Monturo; and firearm operability examiner Aaron Davies.

**{¶ 4}** Laster, who at all relevant times was Johnson's girlfriend, testified that during the early morning hours of January 10, 2016, she and Johnson went to a bar after attending his cousin's birthday party. Laster testified that Johnson left her at the bar after she got mad at him for flirting with the bartender. Since she was stranded at the bar, Laster testified that she walked to her parents' house, which was locked. Laster then walked to a nearby residence where her friend Erica lived.

**{¶ 5}** After reaching Erica's residence, Laster claimed that she sent Johnson a text message instructing him to get her belongings from his apartment and to drop them off at Erica's house. Laster testified that when Johnson arrived at Erica's house, she entered the front-passenger side of Johnson's vehicle in order to retrieve her belongings. According to Laster, she and Johnson then began to argue inside the vehicle.

**{¶ 6}** Throughout her trial testimony, Laster maintained that she never physically fought with Johnson while they were arguing. Instead, Laster testified that she refused to get out of Johnson's vehicle because she wanted him to give her a ride to her sister's house, and that Johnson responded by pulling out a gun and firing a shot near her head. Laster claimed that because she was intoxicated and out of her senses, she stayed inside the vehicle after the shot was fired and continued to beg Johnson for a ride to her sister's house. Thereafter, Laster claimed that Johnson pointed the gun at her groin and shot her, causing severe, permanent injury to her leg.

{¶ 7} At trial, Laster identified Johnson as the shooter and a photograph of the gun he used during the shooting. Laster testified that Johnson's gun was a blue .38 revolver. Laster also testified that she saw Johnson every day during their relationship, and that Johnson carried a gun "all the time." Trial Trans. Vol. II (Aug. 2, 2016), p. 251.

{¶ 8} Deputy Douglas Gearhart testified that on January 10, 2016, he and Detective Robert Schumacher executed a search warrant for the apartment where Johnson resided at 2529 West Riverview Road in Dayton, Ohio. While searching the apartment, Gearhart testified that he discovered a fully loaded blue .38 revolver in a cabinet located in the apartment's only bedroom. Gearhart also found a baggie with four .38 caliber rounds in the living room of the apartment. In addition, Gearhart indicated that he swabbed bloodstains on the front-passenger seat of Johnson's vehicle and submitted the swabs to the Miami Valley Regional Crime Lab for testing.

{¶ 9} Outside the presence of the jury, Gearhart further testified that two other firearms were discovered at Johnson's apartment. Gearhart indicated that he found a loaded Bryco Arms Model 25 in the bedroom cabinet and that Detective Schumacher found a loaded Jennings Model J-22 in the living room closet. Gearhart also testified that he and Detective Schumacher found a variety of ammunition in the living room closet, including many .9 millimeter rounds, .25 caliber rounds, .22 long caliber rounds, .22 short caliber rounds, and .40 caliber rounds.

{¶ 10} Detective Schumacher also testified regarding the search of Johnson's apartment and confirmed that he was present when Deputy Gearhart found the blue .38 revolver in the bedroom cabinet. Schumacher further testified that he interviewed Laster multiple times and received inconsistent statements from her regarding what happened

on the night in question. However, Schumacher also indicated that on January 12, 2016, Laster described Johnson's gun as a small, blue revolver, and that she identified a photograph of the blue .38 revolver found at Johnson's apartment as the weapon Johnson used during the shooting. Schumacher further testified that he was able to confirm that the vehicle containing bloodstains was registered to Johnson.

{¶ 11} Forensic DNA analyst Mary Cicco testified that DNA from buccal swabs taken from Laster matched the DNA from the blood samples collected from the front-passenger seat of Johnson's vehicle. Accordingly, Cicco was able to confirm that it was Laster's blood inside Johnson's vehicle.

{¶ 12} Evidence technician David Cole testified that he removed a bullet fragment from the interior front-passenger door panel of Johnson's vehicle. The bullet fragment was then examined by a forensic firearm tool mark examiner, Chris Monturo, who testified that the fragment was a .38 caliber bullet. Monturo further testified that the blue .38 revolver found in Johnson's apartment was operable and in good working condition.

{¶ 13} Laster's attending physician, Dr. Garietta Falls, testified that Laster presented with a gunshot wound to the groin and that her iliac artery was directly damaged by a bullet. Falls also testified that Laster appeared intoxicated and disoriented, as Falls indicated that she had difficulty communicating with Laster and could not tell if Laster appreciated the severity of her medical condition.

{¶ 14} After presenting the aforementioned testimony and evidence to the jury, on August 4, 2016, the State presented additional evidence to the trial court for the bench trial on the weapons under disability charge. In doing so, the State recalled Detective Schumacher who testified that Johnson was convicted for aggravated robbery with a

deadly weapon and a three-year firearm specification in February 2008. Schumacher also presented the trial court with a certified copy of the termination entry evidencing the prior felony conviction.

{¶ 15} Schumacher further testified that the apartment where the three guns were found was leased to Johnson's brother, but that Johnson had been residing there for the past two months while his brother was out of town. Schumacher also noted that Johnson's driver's license was found on the living room coffee table and that mail addressed to Johnson was discovered inside the bedroom cabinet where the .38 revolver was found.

{¶ 16} The State also called Aaron Davies, a firearm operability tester, to testify at the bench trial. Davies testified that he tested the Bryco Arms Model 25 and the Jennings Model J-22 that were discovered in Johnson's apartment and that both firearms were operable.

{¶ 17} At the close of the proceedings, the jury returned a verdict finding Johnson not guilty of the two felonious assault charges. The trial court, however, found Johnson guilty of having weapons under disability with a three-year firearm specification. As a result, on September 12, 2016, the trial court sentenced Johnson to serve a three-year prison term for having weapons under disability and a three-year prison term for the firearm specification. The trial court further ordered the prison terms to run consecutively for an aggregate sentence of six years in prison.

{¶ 18} Johnson now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

**{¶ 19}** Johnson's sole assignment of error is as follows:

THE TRIAL COURT'S VERDICT SHOULD BE REVERSED AS THERE

WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.

**{¶ 20}** Under his single assignment of error, Johnson contends that the State failed to present sufficient evidence at his bench trial to support a conviction for having weapons under disability with a three-year firearm specification. In crafting his argument, Johnson implies that the trial court was not permitted to consider relevant evidence that was presented during the jury trial on his related felonious assault charges. Rather, Johnson maintains that the trial court was restricted to the evidence presented solely at the bench trial. We disagree.

**{¶ 21}** Contrary to Johnson's claim otherwise, "where a case is separated and the same judge presided over both the jury and bench trial, the judge ha[s] the discretion to consider the evidence from the jury trial in the bench trial." *Whitfield v. Internatl. Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir.2014), fn. 4, citing *Walker v. Loop Fish & Oyster Co.*, 211 F.2d 777, 780-781 (5th Cir.1954). *Accord eTool Dev., Inc. v. Natl. Semiconductor Corp.*, E.D. Texas No. 2:08-CV-196-WCB, 2011 WL 12677158, *1 (Dec. 12, 2011) ("Because the Court will be presiding over the jury trial and conducting the bench trial, the Court in ruling on the equitable issues before it can consider any evidence that is offered during the jury trial that the parties wish the Court to treat as part of the record of the bench trial."). *See e.g., State v. Webb*, 10th Dist. Franklin No. 10AP-289, 2010-Ohio-6122 ¶2-10, 37-48 (finding that defendant's conviction for having weapons under disability was supported by sufficient evidence under circumstances where the

defendant chose to have a bench trial on the weapons under disability charge and a jury trial on his other related charges, and the only testimony presented during the bench trial concerned the defendant's prior felony conviction with other relevant evidence being drawn from the jury trial).

{¶ 22} If we were to accept Johnson's argument—that the trial court was only permitted to consider the evidence presented at the bench trial when ruling on the weapons under disability charge—the State would have had to recall several witnesses at the bench trial to elicit duplicative testimony that the judge had already heard at the immediately preceding jury trial. Such a practice does not promote judicial economy and we fail to see how considering the evidence from each proceeding in this case prejudices Johnson.

{¶ 23} We now turn to Johnson's argument challenging the sufficiency of the evidence. A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to sustain the verdict as a matter of law. *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 24} In this case, the trial court found Johnson guilty of having weapons under disability in violation of R.C. 2923.13(A)(2), which provides as follows:

(A) Unless relieved from disability under operation of law or legal process,

no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 25} Johnson does not dispute that he was previously convicted for a felony offense of violence, as he was convicted of aggravated robbery with a deadly weapon in February 2008. Rather, Johnson claims the State failed to present sufficient evidence establishing that he knowingly acquired, had, carried, or used a firearm. We disagree.

{¶ 26} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 27} The victim, Laster, testified that on the night in question, Johnson shot at her twice with a blue .38 revolver while she was sitting in the front-passenger seat of his vehicle and that one of the shots hit her in the groin. Laster noted that she saw Johnson every day and that he carried a firearm all the time. Laster identified a picture of the blue .38 revolver in question, which Deputy Gearhart and Detective Schumacher testified was found fully loaded during a search of the apartment where Johnson resided.

{¶ 28} In addition to finding the blue .38 revolver, the investigating officers testified that they found two other firearms and a variety of ammunition at Johnson's apartment.

Each of the firearms recovered were tested and found to be operable. The evidence also establishes that a bullet fragment was extracted from the interior front-passenger door panel of Johnson's vehicle and that bloodstains on the front-passenger seat of Johnson's vehicle matched Laster's DNA. The evidence also established that Laster received medical treatment for a gunshot wound to the groin.

{¶ 29} Although the jury ultimately found Johnson not guilty of the felonious assault charges, when the evidence is viewed in the light most favorable to the State, there was adequate evidence presented for the trial court to find Johnson guilty of having weapons under disability. Based on Laster's testimony and the testimony of the investigating officers and forensic examiners, a rational trier of fact could have found beyond a reasonable doubt that Johnson knowingly acquired, had, carried, or used a firearm on the night in question. Specifically, Laster's testimony that she saw Johnson pull out and shoot a blue .38 revolver indicates that Johnson was aware of the fact that he had a gun, which satisfies the "knowing" element that Johnson is challenging.

{¶ 30} For the three-year firearm specification, the State was required to set forth evidence establishing that Johnson "had a firearm on or about [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A).

{¶ 31} As previously discussed, the State presented Laster's testimony indicating Johnson had a firearm and shot at her twice, hitting her once in the groin. The State also presented Detective Schumacher's testimony that Johnson had a prior conviction for aggravated robbery with a deadly weapon. From this testimony, when viewed in the light

most favorable to the State, a rational fact finder could have found that Johnson had a firearm on his person or under his control and that he displayed, brandished, or used the firearm while committing the offense of having weapons under disability.

**{¶ 32}** For the foregoing reasons, Johnson's conviction for having weapons under disability with a three-year firearm specification was supported by sufficient evidence.

## Conclusion

**{¶ 33}** Johnson's judgment of conviction is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Alice B. Peters
J. David Turner
Hon. Richard Skelton